AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT
JUL 0 9 2009
Eastern District of Kentucky
FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA**

**V.**                                     **INDICTMENT NO. 09-16-S-DCR**

**RUSSELL CLETUS MARICLE,**
**DOUGLAS C. ADAMS,**
**CHARLES WAYNE JONES,**
**WILLIAM E. STIVERS,**
  **aka AL MAN,**
**FREDDY W. THOMPSON,**
**WILLIAM B. MORRIS,**
  **aka BART,**
**DEBRA L. MORRIS,**
  **aka DEBBIE, and**
**STANLEY BOWLING**

\* \* \* \* \*

**COUNT 1**
**18 U.S.C. § 1962(d)**

**Background**

1. At all times relevant hereto, the Clay County Board of Elections ("the Board") was a public entity within Clay County, in the Eastern District of Kentucky. The Board is formed and required by state law to administer the election laws for both state and federal elections, including the registration and purgation of voters, all under the supervision of the State Board of Elections. The Board consists of the county clerk, the sheriff, and two

members appointed by the State Board of Elections, selected from a list of five names submitted by the Republican and Democratic parties in the county. The Board is required to appoint election officers, including two judges, one clerk and one sheriff for each precinct in each election, by March 20th of every year in which a primary and general election is held.

2. Defendant RUSSELL CLETUS MARICLE ("MARICLE"), at all times relevant hereto, was a resident of the county, an elected circuit court judge for the 41st Judicial Circuit of the Commonwealth of Kentucky, and was active in the political affairs of the county by, among other acts, supporting candidates for office and exerting influence over the selection of precinct workers for local elections. He held the position of circuit judge from January 1991 through July 2007.

3. Defendant DOUGLAS C. ADAMS ("ADAMS"), at all times relevant hereto, was a resident of the county, the appointed Clay County Superintendent of Schools and was active in the political affairs of the county by, among other acts, supporting candidates for office and exerting influence over the selection of precinct workers in local elections. He held the position of superintendent from 1999 to present.

4. Defendant CHARLES WAYNE JONES ("JONES"), at all times relevant hereto was a resident of the county, was active in the political affairs of the county by, among other acts, serving as election officer and exerting influence over the selection of other precinct workers. He was appointed as the Democratic Election Commissioner in 2000. He continues to serve in that position. JONES served on the Clay County Board of Elections during the election cycles of 2002, 2004 and 2006.

5. Defendant WILLIAM E. STIVERS ("STIVERS"), at all times relevant hereto, was a resident of the county, was active in the political affairs of the county, and was

2

appointed as election officer by the Clay County Board of Elections in 2002 and 2004. STIVERS served for the Board as the Democrat judge for the Manchester precinct in 2002 and 2004. STIVERS also served in place of Charles Wayne Jones as officer for 2004 absentee early voting.

6. Defendant FREDDY W. THOMPSON ("THOMPSON"), at all times relevant hereto, was a resident of the county, was active in the political affairs of the county, and was elected as Clay County Court Clerk in 2002 and continues to serve in that position. THOMPSON by virtue of his elected position also serves as a member of the Clay County Board of Elections, including elections held in 2004 and 2006.

7. Defendants, WILLIAM B. MORRIS ("MORRIS") and DEBRA L. MORRIS ("DEBBIE"), at all times relevant hereto, were residents of the county, were active in the political affairs of the county, and are the owners and operators of B and J Transport, Inc., a sanitation company, in Manchester and Clay County which contracts with the city and county to provide sanitation services.

8. Defendant STANLEY BOWLING ("BOWLING"), at all times relevant hereto, was a resident of the county and was active in the political affairs of the county by, among other acts, elected as Magistrate in 2002 and continues to serve in that position, and is the owner and operator of B and B Excavating, an excavating company, in Manchester and Clay County which contracts with the city and county to provide excavation services. Bowling also distributed money to bribe voters and exerted influence over the selection of precinct workers in local elections.

9. In discharging their public duties, the Circuit Judge, the Superintendent of Schools, County Magistrate and the Officers of the Board, including the County Clerk and election officers owed to the citizens of the county a duty of honest services to

3

include the duty to act in the best interest of the citizens without corruption and self-dealing.

## **THE ENTERPRISE**

10. At all times material to this Indictment, the Clay County Board of Elections ("the Board"), a legal entity, including its various executive departments, offices, and employees, was an "enterprise," as that term is defined in 18 U.S.C. § 1961(4), which was engaged in, and the activities of which, affected interstate commerce. Defendants RUSSELL CLETUS MARICLE, DOUGLAS C. ADAMS, CHARLES WAYNE JONES, WILLIAM E. STIVERS, FREDDY W. THOMPSON, WILLIAM B. MORRIS, DEBRA L. MORRIS, and STANLEY BOWLING participated in the operation and management of the enterprise.

## **PURPOSES OF THE DEFENDANTS**

11. The purposes of the Defendants were to obtain, solidify, preserve and expand for the Defendants and their associates, political power and control within the county, and personal enrichment for themselves and their associates, through the use and misuse of the authority and power of the Board, and the offices of circuit judge, superintendent of schools, and county clerk, and the positions of election officers.

## **ROLES OF THE DEFENDANTS**

12. The Defendants accomplished their purposes through a pattern of, among other things, bribery, extortion, and mail fraud designed to corrupt and affect the outcome of elections, by the following acts, among others:

 a. The Defendants, RUSSELL CLETUS MARICLE and DOUGLAS C. ADAMS, were directors and associates of the enterprise who directed other

4

members and associates of the enterprise in carrying out, among other things, activities in furtherance of the Defendants' unlawful purposes. The Defendants, RUSSELL CLETUS MARICLE and DOUGLAS C. ADAMS, were considered political bosses in the county and used their influence to appoint corrupt members to the Board and cause its election officers to commit acts of extortion, mail fraud, and bribery. The Defendants MARICLE and ADAMS recruited persons to run for county offices on a "slate" that would benefit from the collective efforts of members of the enterprise.

b. The Defendant, CHARLES WAYNE JONES, as Democrat Election Commissioner, used his position as Commissioner to appoint election officers who would assist in corrupting the election process through acts of extortion, mail fraud, and bribery. The Defendant, CHARLES WAYNE JONES, instructed other election officers on how to purchase votes, how to mark voters who had sold their votes, and how to change votes at the voting machines in furtherance of the scheme to elect their "slate" of candidates. The Defendant, CHARLES WAYNE JONES, would use his position as an election commissioner to enrich himself personally by extorting money from candidates. The Defendant, CHARLES WAYNE JONES, was required in his position as Commissioner and member of the Board to certify the accuracy of the election results knowing same to be false.

c. The Defendant, WILLIAM E. STIVERS, as election officer, would use his position as election officer in committing acts of extortion and bribery. The Defendant, WILLIAM E. STIVERS, and other election officers would mark voters or issue a ticket to voters who had sold their votes and change votes at the voting machines in furtherance of the scheme to elect their "slate" of candidates. The

5

Defendant, WILLIAM E. STIVERS, would use his position as an election officer to enrich himself personally by extorting money from candidates.

d.  The Defendant, FREDDY W. THOMPSON, as County Clerk and member of the Board, would use his position as clerk in committing acts of mail fraud.  The Defendant, FREDDY W. THOMPSON, provided large sums of money to be distributed by election officers to buy votes at the voting machines in furtherance of the scheme to elect their "slate" of candidates.  The Defendant, FREDDY W. THOMPSON, also instructed election officers on how to change votes at the machines.  The Defendant, FREDDY W. THOMPSON, was required in his position as County Clerk and member of the Board to certify the accuracy of the election results knowing same to be false.  The Defendant, FREDDY W. THOMPSON, further obstructed justice by testifying falsely before a Federal grand jury.

e.  The Defendants, WILLIAM B. MORRIS and DEBRA L. MORRIS, as associates of the enterprise distributed funds pooled by members of the scheme of the enterprise in order to buy votes for the "slate" and to enrich themselves personally.

f.  The Defendant, STANLEY BOWLING, as an associate of the enterprise distributed funds pooled by members of the scheme of the enterprise in order to buy votes for the "slate" and to promote himself politically and enrich himself personally.

## The Racketeering Conspiracy

13. On or about a day in March 2002, the exact date unknown, and continuing through on or about July 17, 2007, in Clay County, in the Eastern District of Kentucky, and elsewhere,

**RUSSELL CLETUS MARICLE,**
**DOUGLAS C. ADAMS,**
**CHARLES WAYNE JONES,**
**WILLIAM E. STIVERS,**
**aka AL MAN,**
**FREDDY W. THOMPSON,**
**WILLIAM B. MORRIS,**
**aka BART,**
**DEBRA L. MORRIS,**
**aka DEBBIE, and**
**STANLEY BOWLING,**

together with other persons known and unknown, being persons employed by and associated with the Clay County Board of Elections, an enterprise, which engaged in, and the activities of which affected interstate commerce, knowingly willfully, and unlawfully agreed and conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Board through a pattern of racketeering activity, as that term is defined in 18 U.S.C. §§ 1961(1) and 1961(5), consisting of multiple acts indictable under 18 U.S.C. §§ 1341 and 1346 (honest services mail fraud) and 18 U.S.C. § 1951 (extortion), 18 U.S.C. § 1503 (obstruction of justice) and multiple acts involving bribery in violation of state law: KRS 119.205. It was part of the conspiracy that each Defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise, all in violation of 18 U.S.C. § 1962(d).

## COUNT 2
## 18 U.S.C. § 1956(h)

On or about a day in March 2002, the exact date unknown, and continuing through on or about July 17, 2007, in Clay County, in the Eastern District of Kentucky, and elsewhere,

**RUSSELL CLETUS MARICLE,**
**DOUGLAS C. ADAMS,**
**CHARLES WAYNE JONES,**
**WILLIAM E. STIVERS,**
**aka AL MAN,**
**FREDDY W. THOMPSON,**
**WILLIAM B. MORRIS,**
**aka BART,**
**DEBRA L. MORRIS,**
**aka DEBBIE, and**
**STANLEY BOWLING**

did conspire together and with others to commit certain offenses under Title 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity as defined by Title 18, United States Code, Section 1956(c)(7), that is, bribery chargeable under State law and punishable by imprisonment for more than one year and extortion in violation of Title 18, United States Code, Section 1951, with the intent to promote the carrying on of such specified unlawful activity and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(a)(1)(B)(i), all in violation of 18 U.S.C. § 1956(h).

8

## COUNT 3
## 18 U.S.C. §§ 1341 and 1346

On or about a date in January 2004, until on or about May 19, 2004, in Clay County, in the Eastern District of Kentucky, and elsewhere,

## CHARLES WAYNE JONES and
## FREDDY W. THOMPSON

did knowingly devise and intend to devise a scheme and artifice to defraud and to deprive citizens of Manchester, Clay County, of the right of honest services, utilizing the following manner and means:

### Manner and Means

1. As part of the scheme to defraud, the Defendants participated with others in the May 2004, primary election in pooling funds for the purpose of buying votes.

2. As part of the scheme to defraud, the Defendants instructed election officers to buy votes and to mark voters or present tickets to voters for purposes of identifying voters who had sold their votes.

3. As part of the scheme to defraud, the Defendants instructed election officers to assist the voters who sold their votes and to destroy voter assistance forms which may have resulted so as to not report the number of people they assisted at the voting polls as required by law.

4. As part of the scheme to defraud the Defendants assisted in the preparation of an election report that falsely reported as valid fraudulent vote totals in the county to the Kentucky Secretary of State and the Kentucky Board of Elections.

5. In furtherance of the scheme to defraud, and in order to effect the objects thereof, on or about May 19, 2004, the Defendants did place, deposit, and cause to be deposited in an authorized depository for mail matter, and did cause to be delivered in accordance with the instructions thereon, mail matter consisting of a post election report, addressed to Secretary of State, State Capitol Building, 700 Capital Avenue, Frankfort, KY 40601, from the Clay County Board of Elections, all in violation of 18 U.S.C. §§ 1341 and 1346.

## COUNT 4
### 18 U.S.C. § 1951

On or about a date in September 2004, in Clay County, in the Eastern District of Kentucky, and elsewhere,

### CHARLES WAYNE JONES and
### WILLIAM E. STIVERS

did knowingly affect interstate commerce by extortion, that is, the Defendants attempted to obtain money not due them or their office, in the amount of $1,000 from CWL, a candidate for city council, induced by wrongful use and threat of use of fear and economic harm, and under color of official right, all in violation of 18 U.S.C. § 1951.

## COUNT 5
### 18 U.S.C. §§ 1341 and 1346

On or about a date in mid-2004 until on or about November 3, 2004, in Clay County, in the Eastern District of Kentucky, and elsewhere,

### CHARLES WAYNE JONES and
### FREDDY W. THOMPSON

did knowingly devise and intend to devise a scheme and artifice to defraud and to deprive citizens of Manchester, Clay County, of the right of honest services, utilizing the following manner and means:

## Manner and Means

1. As part of the scheme to defraud, the Defendants participated with others in the November 2004 general election in pooling funds for the purpose of buying votes.

2. As part of the scheme to defraud, the Defendants instructed election officers to buy votes and to mark voters or present tickets to voters for purposes of identifying voters who had sold their votes.

3. As part of the scheme to defraud, the Defendants instructed election officers to assist the voters who sold their votes and to destroy voter assistance forms which may have resulted so as to not report the number of people they assisted at the voting polls as required by law.

4. As part of the scheme to defraud the Defendants assisted in the preparation of an election report that falsely reported as valid fraudulent vote totals in the county to the Kentucky Secretary of State and the Kentucky Board of Elections.

5. In furtherance of the scheme to defraud, and in order to effect the objects thereof, on or about November 3, 2004, the Defendants did place, deposit, and cause to be deposited in an authorized depository for mail matter, and did cause to be delivered in accordance with the instructions thereon, mail matter consisting of a post election report, addressed to Secretary of State, State Capitol Building, 700 Capital Avenue, Frankfort, KY 40601, from the Clay County Board of Elections, all in violation of 18 U.S.C. §§ 1341 and 1346.

### 18 U.S.C. §§ 1341 and 1346

On or about a date in January 2006, until on or about May 17, 2006, in Clay County, in the Eastern District of Kentucky, and elsewhere,

### CHARLES WAYNE JONES and
### FREDDY W. THOMPSON

did knowingly devise and intend to devise a scheme and artifice to defraud and to deprive citizens of Manchester, Clay County, of the right of honest services, utilizing the following manner and means:

### Manner and Means

1. As part of the scheme to defraud, the Defendants participated with others in the May 2006 primary election in pooling funds for the purpose of buying votes.

2. As part of the scheme to defraud, the Defendants instructed election officers to buy votes and to mark voters or present tickets to voters for purposes of identifying voters who had sold their votes.

3. As part of the scheme to defraud, the Defendants instructed election officers to assist the voters who sold their votes and to destroy voter assistance forms which may have resulted so as to not report the number of people they assisted at the voting polls as required by law.

4. As part of the scheme to defraud, the Defendants assisted in the preparation of an election report that falsely reported as valid fraudulent vote totals in the county to the Kentucky Secretary of State and the Kentucky Board of Elections.

5. In furtherance of the scheme to defraud and in order to effect the objects thereof, on or about May 17, 2006, the Defendants did place, deposit, and cause to be deposited in an authorized depository for mail matter, and did cause to be delivered in accordance with

the instructions thereon, mail matter consisting of a post election report, addressed to Secretary of State, State Capitol Building, 700 Capital Avenue, Frankfort, KY 40601, from the Clay County Board of Elections, all in violation of 18 U.S.C. §§ 1341 and 1346.

## COUNT 7
## 18 U.S.C. §§ 1341 and 1346

On or about a date in mid-2006 until on or about November 8, 2006, in Clay County, in the Eastern District of Kentucky, and elsewhere,

## CHARLES WAYNE JONES and
## FREDDY W. THOMPSON

did knowingly devise and intend to devise a scheme and artifice to defraud and to deprive citizens of Manchester, Clay County of the right of honest services, utilizing the following manner and means:

## Manner and Means

1. As part of the scheme to defraud, the Defendants participated with others in the November 2006 general election in pooling funds for the purpose of buying votes.

2. As part of the scheme to defraud, the Defendants instructed election officers to buy votes and to mark voters or present tickets to voters for purposes of identifying voters who had sold their votes.

3. As part of the scheme to defraud, the Defendants instructed election officers to assist the voters who sold their votes and to destroy voter assistance forms which may have resulted so as to not report the number of people they assisted at the voting polls as required by law.

4. As part of the scheme to defraud, the Defendants assisted in the preparation of an election report that falsely reported as valid fraudulent vote totals in the county to the Kentucky Secretary of State and the Kentucky Board of Elections.

5. In furtherance of the scheme to defraud and in order to effect the objects thereof, on or about November 8, 2006, the Defendants did place, deposit, and cause to be deposited in an authorized depository for mail matter, and did cause to be delivered in accordance with the instructions thereon, mail matter consisting of a post election report, addressed to Secretary of State, State Capitol Building, 700 Capital Avenue, Frankfort, KY 40601, from the Clay County Board of Elections, all in violation of 18 U.S.C. §§ 1341 and 1346.

## COUNT 8
### 18 U.S.C. §§ 1503 and 2

On or about May 2, 2007, continuing through on or about May 17, 2007, in Clay County, in the Eastern District of Kentucky,

### RUSSELL CLETUS MARICLE and
### WILLIAM E. STIVERS,
### aka AL MAN,

aided and abetted by each other, did corruptly endeavor to influence, obstruct, and impede the due administration of justice by communicating with and instructing a witness, WW, to testify falsely before a federal grand jury in Lexington, Kentucky, while a grand jury investigation in the Eastern District of Kentucky was pending, all in violation of 18 U.S.C. §§ 1503 and 2.

14

## 18 U.S.C. § 1503

On or about July 12, 2007, in Clay and Fayette Counties, in the Eastern District of Kentucky,

## FREDDY THOMPSON

did corruptly endeavor to influence, obstruct and impede the due administration of justice in the Eastern District of Kentucky, to wit, by testifying falsely before a federal grand jury in Lexington, Kentucky, while an investigation in the Eastern District of Kentucky was pending, all in violation of 18 U.S.C. § 1503.

## COUNT 10
## 18 U.S.C. § 241

### Background

1. The allegations contained in paragraphs 1-12 of Count 1 are restated and incorporated herein by reference.

2. On or about May 16, 2006, and on or about November 7, 2006, pursuant to the laws of the United States and the Commonwealth of Kentucky, primary and general elections were held in Manchester, Clay County, in the Eastern District of Kentucky, for the purpose of selecting candidates for state, local and federal offices.

3. On said date, many persons in Clay County were duly registered as voters and possessed the necessary qualifications as provided by law to entitle them to vote in said primary election. These persons will be hereafter referred to as qualified voters.

4. Each of the qualified voters possessed the right and privilege guaranteed and secured by the Constitution and laws of the United States to vote at said election for the

15

candidates described in paragraph Two and the further federal right and privilege to have their votes tabulated fairly and given full effect, that is, the right to have the worth and value of their votes and expressions of choice not be impaired, lessened, diminished, diluted, or destroyed by illegal votes falsely or fraudulently cast, tabulated, and certified.

5. Many of the qualified voters duly voted for one or more of the aforesaid candidates and their votes were counted and certified as part of the total number of votes cast for such candidates. Other voters had their votes destroyed by the Defendants and their co-conspirators.

### The Conspiracy

1. From on or about a date in June 2004, to on or about November 7, 2006, at Manchester, Clay County, in the Eastern District of Kentucky,

**RUSSELL CLETUS MARICLE,**
**CHARLES WAYNE JONES,**
**WILLIAM E. STIVERS,**
**aka AL MAN, and**
**FREDDY W. THOMPSON**

did unlawfully conspire and agree with each other and others, known and unknown, to injure and oppress qualified voters in the free exercise and enjoyment of certain rights and privileges secured to them by the Constitution and laws of the United States, that is, the right of all qualified voters under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to vote and have their votes tabulated fairly and given full effect and free from dilution by ballots illegally and improperly cast by a person charged under state law with the operation and safe-keeping of the poll, in violation of 18 U.S.C. § 241.

## Object of the Conspiracy

2. The object of the conspiracy was to deprive the aforesaid qualified voters of their federally secured right to vote and to have their votes given full force and effect, by misleading them regarding the operation of a voting machine and then changing the votes that they selected, in order to secure the election of the candidates supported by the Defendants and their co-conspirators.

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that the Defendants and their co-conspirators agreed to take advantage of voter unfamiliarity with new voting machines by misleading voters as to the mechanics of casting their votes once they were selected.

4. It was part of the conspiracy that WW serve as the Democrat election judge in the Manchester Precinct. It was further part of the conspiracy that CW serve as the Republican election judge in the Manchester Precinct. Both WW and CW were instructed by Defendants Freddy W. Thompson and Charles Wayne Jones to tell voters that when they had pushed a button labeled "Vote" that their votes had been cast, when, in fact, that function merely provided a review screen of the voter's selections in each race, and that the further step of pushing the "Cast Ballot" button was required. This review screen gave the voter the opportunity to change any candidate selections prior to casting the ballot.

5. It was part of the conspiracy that when the misled voters left the voting booth after pushing the "Vote" button, WW and/or CW entered the booth, changed their votes to candidates selected in part by Defendant Russell Cletus Maricle and cast the ballot by pushing the "Cast Ballot" button, all in violation of 18 U.S.C. § 241.

17

## COUNT 11
## 18 U.S.C. § 371
## 42 U.S.C. § 1973i

## BACKGROUND

1. The allegations contained in paragraphs 1-12 of Count 1 are restated and incorporated herein by reference.

2. For purposes of representation in the United States House of Representatives, the Commonwealth of Kentucky is divided into seven geographical divisions known as Congressional Districts. At all relevant times, Clay County, Kentucky, was located in the Fifth Congressional District.

3. In primary and general elections in Kentucky on May 16, 2006, and November 7, 2006, there were election races in the Fifth Congressional District to select a candidate for the office of Member of the United States House of Representatives. As such, the primary election in those precincts was held in part to select a federal candidate for the office of Member of the United States House of Representatives.

## THE CONSPIRACY

4. From on or about a date in January 2006, the exact date unknown, to on or about November 7, 2006, at Manchester, Clay County, in the Eastern District of Kentucky,

**RUSSELL CLETUS MARICLE,**
**CHARLES WAYNE JONES,**
**WILLIAM E. STIVERS,**
**aka AL MAN,**
**FREDDY W. THOMPSON,**
**WILLIAM B. MORRIS,**
**aka BART, and**
**DEBRA L. MORRIS,**
**aka DEBBIE,**

18

conspired and agreed together and with numerous other persons, known and unknown, to violate laws of the United States, to wit, to pay and offer to pay persons for voting in an election held in part to select a candidate for federal office.

## Purpose of the Conspiracy

5. It was the purpose of the conspiracy to corrupt the election process, by buying votes, in order to cause and to insure the election of a group of chosen candidates for local office (hereinafter referred to as "the slate").

## Manner and Means of the Conspiracy

6. It was part of the conspiracy that on various occasions between on or about a date in January 2006, to on or about November 7, 2006, various Defendants met at various times and places to discuss which candidates for local office would comprise "the slate" and what methods could be used to illegally influence the outcome of the election.

7. It was part of the conspiracy that the Defendants agreed that one method of influencing the election would be to collect and pool money from "the slate" of candidates which could be used to pay persons to vote. The Defendants reviewed voter lists to determine which voters were likely to agree to sell their votes and who among the co-conspirators would solicit each such voter.

8. It was part of the conspiracy that the Defendants discussed and agreed to buy votes also during the early voting of absentee voters in favor of "the slate." This plan involved having Defendants William E. Stivers, William B. Morris, and Debra L. Morris pay absentee voters for their vote and then sending them to Defendant Charles Wayne Jones who was acting as operator of the voting machine at the Clay County Clerk's Office. Voters who sold their votes were given a mark or otherwise told to signal to the Defendant Charles Wayne Jones by Defendants William E. Stivers, William B. Morris, or Debra L.

Morris and, based upon the mark and/or signal, Defendant Charles Wayne Jones would cast their vote for "the slate."

9. It was part of the conspiracy that the Defendants discussed and agreed that in order to implement the method of corrupting the voting process described above, it would be necessary to cause to be appointed as precinct workers for both major parties persons who were in the conspiracy. It was further necessary that their assignment to respective precincts be coordinated so that no one outside the conspiracy would be in place to observe their actions.

## OVERT ACTS

10. In furtherance of the conspiracy and in order to effect the objects thereof, the following overt acts, among many others, were committed in the Eastern District of Kentucky.

11. Over numerous days during on or about a date in January 2006, to on or about November 7, 2006, a list of voters who agreed to sell their votes was compiled by Defendants Russell Cletus Maricle and William E. Stivers and other co-conspirators made arrangements with these persons for voting and payment. On numerous occasions, voters were brought to the courthouse during normal voting and the early voting period for absentee voters and paid to vote for candidates on "the slate" by Defendants William E. Stivers, William B. Morris, and Debra L. Morris.

12. On or about May 16, 2006, Defendants William E. Stivers, William B. Morris, and Debra L. Morris paid voters to vote for members of "the slate," as described above. They informed these voters to ask for assistance from selected precinct workers who then took them into the voting booth and selected the votes for them.

13. On or about November 7, 2006, Defendants William E. Stivers, William B. Morris, and Debra L. Morris paid voters to vote for members of "the slate," as described above. They informed these voters to ask for assistance from selected precinct workers who then took them into the voting booth and selected the votes for them, all in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i.

## COUNT 12
## 18 U.S.C. § 1963

1. The allegations contained in Count 1 of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963, and Title 28, United States Code, Section 2461(c).

2. Pursuant to Rule 32.2(a), Fed. R. Crim. P., the Defendants,

**RUSSELL CLETUS MARICLE,**
**DOUGLAS C. ADAMS,**
**CHARLES WAYNE JONES,**
**WILLIAM E. STIVERS,**
**aka AL MAN,**
**FREDDY W. THOMPSON,**
**WILLIAM B. MORRIS,**
**aka BART,**
**DEBRA L. MORRIS,**
**aka DEBBIE, and**
**STANLEY BOWLING,**

are hereby notified that, upon conviction of the violation of Title 18, United States Code, Section 1962, as charged in Count 1 of this Indictment, the Defendants shall forfeit, pursuant to Title 18, United States Code, Section 1963:

a) all interests acquired and maintained in violation of Title 18, United States Code, Section 1962;

b) all interests in, securities of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

c) all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), includes, but is not limited to, the following assets:

**MONEY JUDGMENT**:

**$3,472,847.38**, said amount being the total of the interests acquired and the gross proceeds obtained through the violation of Title 18, United States Code, Section 1962;

3. Pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), the Defendants shall forfeit substitute property up to the value of the property described in the previous paragraph if that property, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of this Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty.

4.  The above-named Defendants are jointly and severably liable for the forfeiture allegations alleged above.

All in accordance with 18 U.S.C. § 1963; 28 U.S.C. § 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.

## COUNT 13
## 18 U.S.C. § 982

As a result of the offense alleged in Count 2 of the Indictment, **RUSSELL CLETUS MARICLE, DOUGLAS C. ADAMS, CHARLES WAYNE JONES, WILLIAM E. STIVERS, aka AL MAN, FREDDY W. THOMPSON, WILLIAM B. MORRIS, aka BART, DEBRA L. MORRIS, aka DEBBIE, and STANLEY BOWLING** shall forfeit to the United States all property, real and personal, involved in the aforestated offense and all property traceable to such property, as to which the Defendants are jointly and severally liable, including, but not limited to:

**CASH/CURRENCY**:
$1,513,512.36 which constitutes the sum involved in the violation of 18 U.S.C. § 1956(h).

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants-

1)     Cannot be located upon the exercise of due diligence;

2)      Has been transferred or sold to, or deposited with, a third person;

3)      Has been placed beyond the jurisdiction of the Court;

4)      Has been substantially diminished in value; or

5)      Has been commingled with other property which cannot be
        subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. 982(b)(1), to seek forfeiture of

any other property of said Defendants up to the value of the above forfeitable property.

**A TRUE BILL**

**FOREPERSON**

**JAMES A. ZERHUSEN**
**UNITED STATES ATTORNEY**

24

## PENALTIES

**COUNTS 1 & 3-7:** Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 2:** Not more than 20 years imprisonment, $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, and 3 years supervised release.

**COUNTS 8 - 10:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 11:** Not more than 5 years imprisonment, $250,000 fine, and 1 year supervised release.

**COUNTS 12 & 13:** Forfeiture of listed items.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.