UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:09-16-S-DCR |
| ) | |
| V. ) | |
| ) | |
| CHARLES WAYNE JONES, and ) | **MEMORANDUM OPINION** |
| FREDDY W. THOMPSON, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*

Defendants Charles Wayne Jones and Freddy W. Thompson have moved the Court to dismiss Count One of the Superseding Indictment on the ground that the activities of the Clay County Board of Elections (the "Board") did not affect interstate commerce as provided under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. [Record No. 376]  For the reasons outlined below, Defendants' motion will be denied.

Count One of the Superseding Indictment alleges, in relevant part, that from March 2002 through approximately July 17, 2007, "in the Eastern District of Kentucky, and elsewhere," Defendants Jones and Thompson, along with others

> employed by and associated with the Clay County Board of Elections, an enterprise, which engaged in, and the activities of which affected interstate commerce, knowingly[,] willfully, and unlawfully agreed and conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Board through a pattern of racketeering activity, as that term is defined in 18 U.S.C. §§ 1961(1) and 1961(5), consisting of multiple acts indictable under 18 U.S.C. §§ 1341 and 1346 (honest services mail fraud) and 18 U.S.C. § 1951 (extortion), 18 U.S.C. § 1503 (obstruction of justice)

and multiple acts involving bribery in violation of state law: KRS 119.205. It was part of the conspiracy that each Defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise, all in violation of 18 U.S.C. § 1962(d).

[Record No. 272, p. 7]

Section 1962(c) of RICO provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). Subsection (d) further states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [§ 1962]." 18 U.S.C. § 1962(d).

Defendants Jones and Thompson argue that Count One of the Superseding Indictment is deficient because the Board did not engage in interstate commerce or activities that affected interstate commerce. [Record Nos. 376, 483] The United States responds that it can prove that the Board's actions had at least a *de minimis* effect on interstate commerce. [Record No. 442] However, the issue of the Board's effect on interstate commerce, and the extent of any such effect, is irrelevant for purposes of a pretrial motion to dismiss.

Under Rule 12 of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). In other words, prior to trial, a court may consider questions of law, but not questions of fact. *See, e.g.*, *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). "An indictment valid on its face may not be dismissed on the ground it is based

on inadequate or insufficient evidence." *United States v. Jones*, No. 1:05-CR-132, 2006 U.S. Dist. LEXIS 9269, at *2 (E.D. Tenn. Feb. 16, 2006) (citing *United States v. Williams*, 504 U.S. 36, 54 (1992)). Thus,

> a court cannot consider a factual challenge to an indictment purporting to show a defect consisting solely of insufficient evidence to prove a particular charge. Where a defendant's pretrial motion to dismiss requires the court to find facts that make up the elements of the case, a determination which would normally be reserved to the jury at trial, the motion to dismiss should be denied[.]

*Id.* at *3; *see also Universal Milk Bottle Serv., Inc. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951) ("Allegations of the indictment essential to prove the offense charged and the pleas in answer to such allegations require a trial of the general issue."); *United States v. Cumberland Wood & Chair Corp.*, Nos. 91-6058, 91-6059, 91-6060, 1992 U.S. App. LEXIS 28885, at *8-*10 (6th Cir. Oct. 27, 1992) (affirming denial of motion to dismiss indictment based on defendants' argument that indictment did not charge offenses affecting "navigable waters of the United States" as provided under the applicable statute).

Defendants Jones and Thompson assert that the government cannot prove an essential element of its case; namely, they claim that the Board's activities did not affect interstate commerce as required under RICO. This is a factual issue that cannot properly be resolved on a pretrial motion to dismiss. *Jones*, 2006 U.S. Dist. LEXIS 9269, at *2-*3; *see also United States v. Nukida*, 8 F.3d 665, 672 (9th Cir. 1993) ("[T]he determination of whether Nukida's actions resulted in sufficient effects on interstate commerce is essentially factual , and therefore inappropriate for resolution on a pretrial motion to dismiss. . . .").

The Defendants' suggestions that Count One is facially deficient are equally unavailing. Generally, an indictment is sufficient if it satisfies a two-part test:

> [F]irst, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.

*United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992). Charging a RICO violation "in the language of the statute itself [is] a practice which generally guarantees sufficiency if all required elements are included in the statutory language." *United States v. Diecidue*, 603 F.2d 535, 547 (5th Cir. 1979). Furthermore, "a RICO indictment may allege interstate commerce effects in merely conclusory terms." *United States v. Williams*, 679 F.2d 504, 509 (5th Cir. 1982) (citing *Diecidue*, 603 F.2d 535). Count One clearly tracks the language of § 1962 and is valid on its face.

In summary, whether the Board engaged in activities that affected interstate commerce, and the extent of any such effect, are factual issues inappropriate for resolution on a motion to dismiss the indictment. Furthermore, Count One of the Superseding Indictment is valid on its face. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Count One of the Superseding Indictment [Record No. 376] is **DENIED**.

This 11th day of September, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge