UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:09-CR-16-S-DCR |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RUSSELL CLETUS MARICLE, | ) | |
| DOUGLAS C. ADAMS, | ) | |
| CHARLES WAYNE JONES, | ) | |
| WILLIAM E. STIVERS, | ) | |
| FREDDY W. THOMPSON, | ) | |
| WILLIAM B. MORRIS, | ) | |
| DEBRA L. MORRIS, and | ) | |
| STANLEY BOWLING | ) | |
| | ) | |
| Defendants. | | |

*** *** *** ***

The Court globally evaluates motions for bills of particulars filed by Defendants in this case. *See* DE ## 295 (Maricle); 321 (Jones); 325 (U.S. Response to Maricle and Jones); 392 (Jones Reply); 411 (Adams); 454 (U.S. Response to Adams); 378 (Stivers[1]); 449 (U.S. Response to Stivers); 359 (Thompson); 448 (U.S. Response to Thompson); 363 (Morrises); 456 (U.S. Response to Morrises); 386 (Bowling); 453 (U.S. Response to Bowling). Defendants, though making largely singular requests, seek similar particularization of the Superceding Indictment in this case. Because the Superceding Indictment is sufficient under Rule 7(f)'s standards, the Court DENIES all requests for bills of particulars.

---

[1] Including consideration of Stivers's voluminous memorandum in support, corrected to comply with Local Rules on briefing limitations. *See* DE #488 (corrected memo).

*The Indictment and Defense Requests*

The Superceding Indictment centers on alleged multi-year RICO (Count 1) and money-laundering (Count 2) conspiracies related to the Clay County Board of Elections. The conspiracies, charged against all Defendants, purportedly spanned the period from March 2002 to July 17, 2007. Separate counts address distinct but related offenses (and arguable RICO predicates) against individual named co-conspirators. Thus, the Superceding Indictment charges honest services mail fraud (Counts 3, 5-7, as to Jones and Thompson); obstruction of justice (Counts 8 and 9, as to Maricle, Stivers, and/or Thompson); and extortion (Count 4, as to Stivers). Further, the document includes vote-related conspiracy charges encompassing specific election periods in 2004 and 2006 (Counts 10 and 11). Finally, the Superceding Indictment seeks forfeiture premised on Counts 1 and 2.

Each Defendant, by separate but similar motion, requests detailed particularization of applicable indictment counts. As a distillation of the multiple motions,[2] the Movants generally seek:

– identification of and detail concerning underlying predicate crimes and overt acts;

– conspiracy joinder dates and further information concerning conspiracy roles;

– identification of unnamed co-conspirators;

– identification of the "slate" of candidates to which the Superceding Indictment alludes;

– transactions (including dates, participants, amounts, and other specifics) at issue in the money laundering count, as well as details of underlying specified unlawful activity;

– conspiracy details regarding the voter right suppression and vote buying conspiracies

---

[2] The Morrises filed a joint motion.

alleged in Counts 10 and 11, including "slate" identification, election specification, witness/co-conspirator identification, and description of conspirator role;

– details regarding distinct crimes charged, including identification of witnesses and particular crime locations; and

– forfeiture count calculations and disclosure of forfeiture bases.

*Rule 7(f) Principles and Discussion*

Rule 7(f) addresses issuance of a bill of particulars. The Rule permissively states, "The court *may* direct the government to file a bill of particulars." *See* FED. R. CRIM. P. 7(f). As the language suggests, an order for such a bill is discretionary with the Court. *See, e.g., United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993). The preclusive effects on proof resulting from issuance of a bill of particulars must inform the Court's discretion. *See* MOORE'S FEDERAL PRACTICE § 607.07[1] (2006) ("Although defendants routinely move for bills of particular, courts do not normally grant such motions . . . for two reasons. First, defendants may not use the bill to circumvent the restrictive scope of discovery. . . . Second, courts want to avoid unfairly 'freezing' the government's evidence in advance of trial.").

The recognized underlying purposes of a bill of particulars guide the Court's evaluation of Defendants' requests in this case: "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *See Salisbury,* 983 F.2d at 1375; *United States v. Barreto-Rivera*, No. 06-117 DRD, 2006 WL 2464164, at *4 (D.P.R. July 10, 2006) ("When pursued, they [*i.e.*, bills of particulars] need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial,

3

or hampered in seeking the shelter of the Double Jeopardy Clause."). Put another way, "The test in this Circuit . . . is whether the indictment is sufficiently specific to inform defendants of the charges against them, to protect them from double jeopardy, and to enable them to prepare for trial." *See United States v. Ridley*, 199 F. Supp. 2d 704, 707 (S.D. Ohio 2001). Although a Rule 7(f) bill is appropriate when necessary to meet those limited goals, a bill of particulars clearly is not an avenue for pretrial discovery, which the Rules strictly limit and regulate. *See Salisbury*, 983 F.2d at 1375. ("It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial."). The question is not whether further particularity would *assist* the defendant; more information is always useful. The question is whether the specific context presented requires further particularization in light of the limited reasons for Rule 7(f).

As the Sixth Circuit recently explained, a bill must issue only if "providing . . . details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *See United States v. Musick*, 291 F. App'x. 706, 724-25 (6th Cir. 2008). Critically, "[a] defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *See id.* The Court can consider not only the detail provided in the indictment but also other detail provided through discovery or other materials supplied to the defense by the United States. *See id.*; *see also United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991) ("[I]t is proper to look to post-indictment discovery[.]").

An indictment that itself provides adequate detail requires no specification. As Judge Reeves has noted:

> Accordingly, a bill of particulars need not issue "in light of a detailed indictment." *Salisbury,* 983 F.2d at 1375. An indictment is deemed sufficiently detailed "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend, and second, enables him to plead an

4

> acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Superior Growers Supply, Inc.,* 982 F.2d 173, 176 (6th Cir.1992) *(quoting Hamling v. United States,* 418 U.S. 87, 117 (1974)). Courts have generally held that an indictment satisfies these requirements if it "set[s] forth the elements of each offense charged, the time and place of the defendant's conduct that violated that offense, and citation to the statute or statutes violated." *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981); *United States v. Rey,* 923 F.2d 1217, 1222 (6th Cir. 1991).

*See United States v. Roberts*, No. 6:06-82-SS-DCR, 2006 WL 3533071, at *2 (E.D. Ky. Dec. 7, 2006).

Here, the lynchpin counts, applicable to all Defendants, center on RICO and § 1956 *conspiracies*. Importantly, neither crime requires proof of an overt act. *See Salinas v. United States*, 118 S. Ct. 469, 476-78 (1997) (RICO: "[I]t suffices that he adopt the goal of furthering or facilitating the criminal endeavor."); *United States v. Boyle*, No. S1 08 CR 534(CM), 2009 WL 2032105, at *4 (S.D.N.Y. July 9, 2009) ("*Salinas* held that, to be found guilty of RICO conspiracy, a defendant need only know of, and agree to, the general criminal objective of a jointly undertaken scheme."); *Musick*, 291 F. App'x. at 715 (referencing *Whitfield v. United States*, 125 S. Ct. 687 (2005) and stating, "the Supreme Court unanimously held that there is no requirement to prove an overt act under § 1956(h)"). Thus, neither Count 1 or 2 requires proof or commission of any overt act by a conspirator; the agreement itself is the essence of the offense. Movants' citations to pre-*Salinas* cases notwithstanding, "[i]n order to obtain a conviction for RICO conspiracy, the government does not need to prove that the defendant committed or agreed to commit two predicate acts himself, or even that overt acts have been committed." *See United States v. Saadey*, 393 F.3d 669, 676 (6th Cir. 2005).

Although this case does not involve 21 U.S.C. § 846, modern cases evaluating a Rule 7(f) motion in the context of a drug-conspiracy count, under the substantively similar formulation,

routinely deny relief. *See, e.g., United States v. Dames*, 386 F. Supp. 2d 523, 524 (S.D.N.Y. 2005) (denying bill and noting that courts have "'consistently sustained indictments which track the language of a statute and, in addition, do little more than state time and place in approximate terms'") (citation omitted); *United States v. Abbey*, 452 F. Supp. 2d 766, 771 (E.D. Mich. 2006) (rejecting bill of particulars request and quoting to effect that "indictment for conspiracy under . . . [§] 846 need only allege the conspiracy to distribute drugs, the time frame in which it allegedly was operated, and the statute violated") (citation omitted). Here, as in the cited § 846 cases, the indictment sets forth the defined statutory elements to be proven at trial as to each Superceding Indictment count. The RICO and § 1956(h) counts specify the date and location parameters, name charged co-conspirators, and identify specific underlying unlawful activity upon which the charges are predicated. In addition to providing extensive background and operational detail, the Superceding Indictment identifies the categories of acts comprising the alleged "racketeering activity" at issue. Similarly, Count 2 alleges the exact subject matter of the "specified unlawful activity" that undergirds the Count. In this scenario, no basis for ordering a bill of particulars exists. *See United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (upholding validity of indictment, and denying bill of particulars: "As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. . . . Defendant Rey knew that he was charged with conspiracy to possess cocaine with intent to distribute. Defendant also knew the dates involved as stated in the indictment."); *see also United States v. Carrillo-Morones*, 564 F. Supp.2d 703, 705 (W.D. Tex. 2008) (finding "bill of particulars . . not warranted" where indictment charged money laundering conspiracy – including elements, dates, and co-conspirator names – because it "sufficiently

6

apprise[d] Defendant of the charged offense").

Every other Count of the Superseding Indictment also provides sufficient detail under the Rule 7(f) standard.[3] Each charge sets forth location, date parameters, and the nature of the particular offense charged. The distinct crimes charged in Counts 3-9 are targeted and precisely alleged. The Count 10 and Count 11 conspiracy allegations include distinct allegations that plainly give each involved Defendant adequate notice of the contended illegality, permit defense preparation, and easily pass the threshold for any later Double Jeopardy assertion. The forfeiture counts incorporate and/or reference and depend on the allegations in Counts 1 and 2, already discussed and approved. Further, those counts designate *exact* totals allegedly related directly to the underlying conspiracies.

In essence, each Defendant makes an itemized demand seeking the *factual details* of the Government's expected proof, including specific dates, a recitation of exact acts, identification of witnesses, and a roster of conduct allegedly engaged in by Defendants relative to the charged crimes. Movants desire to know the complete evidentiary case against them and the Government's plan for proving criminal liability. Such specificity clearly exceeds the proper purpose of a bill of

> particulars. What defendant seeks is in the nature of the "wheres, whens and with whoms" that Courts have held to be beyond the scope of a bill of particulars. . . . *Indeed, defendant is attempting to compel the production of the very type of evidentiary minutiae that is not appropriate in a bill of particulars*, and can only serve to limit the [government's] proof at trial.

*See United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (emphasis added) (citations omitted); *see also United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) ("The

---

[3] Of course, to the extent any of the Defendants have attacked the sufficiency of the Superceding Indictment, Judge Reeves has rejected such challenges in toto.

defendants also request the 'whens' 'wheres' and 'with whoms' of acts and participation in the charged conspiracy. Pretrial motions for such information are routinely denied."). Defendants seek evidentiary specifics,[4] details of conduct well-beyond what the Government must prove at trial, and other materials, such as lists of fact witnesses, that the Court can only rationally classify as discovery. The requests surpass the permissible use of a bill of particulars. *See United States v. Crouse*, 227 F.R.D. 36, 40 (N.D.N.Y. 2005) ("'[D]emands for particulars regarding the formation of a conspiracy have almost universally been denied. Matters such as the exact time and place of the overt acts and names of the persons present are not properly the subject of a bill of particulars.") (citation omitted).

Rule 7(f) is a rule calculated toward adequacy of notice, not a rule designed to foster discovery or disclosure of case strategy. An indictment that provides sufficient notice of charged conduct satisfies the purposes of the Rule and requires no compelled particularization. The indictment in this action adequately notifies each Defendant of the "nature" of all charged conduct during a substantially fixed time frame and location. *See United States v. Cheatham*, 500 F. Supp. 2d 528, 533 (W.D. Pa. 2007) ("'[A] request for the "when, where and how" of any overt acts not alleged in the indictment is tantamount to a request for "wholesale discovery of the Government's evidence," which is not the purpose of a bill of particulars[.]' . . . A defendant charged with conspiracy cannot use a bill of particulars to obtain the 'exact date' he entered into the conspiracy. . . . It appears that a revelation of the time and place of the commencement of a conspiracy would

---

[4] To the extent any of the motions overtly seeks discovery – *e.g.,* witness or informant identification – the Court already has dealt with such requests in resolving pending discovery motions. The Court will not revisit that analysis here. *See* DE #502 (Order ruling on discovery issues).

also be an improper discovery request.") (citations omitted); *Dames*, 386 F. Supp. 2d at 524-25 (refusing to require bill where government had stated, "'[T]he defendant, acting with others known and unknown, conspired to distribute and possessed with the intent to distribute in excess of 50 grams of cocaine base, in or around 124th Street in Manhattan between in or about the early 1990's and in or about November 1995.'"). A bill of particulars is not meant to serve as an investigative tool for the defense or as a means of compelling the Government to preview the manner by which it will prove a given charge. *See Ridley*, 199 F. Supp. 2d at 708 ("A bill of particulars is not a discovery device and should not be used to obtain detailed disclosure of the government's evidence prior to trial. . . . This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy.") (internal quotations and citations omitted); *see also United States v. Scowden*, No. 02-20030-DV, 2002 WL 1483873, at *3 (W.D. Tenn. Apr. 24, 2002) (determining 7(f) motion in § 846 context and holding: a) request for names of "witnesses or co-conspirators" is "improper in scope"; b) request for "information . . . regarding [defendant's] actions that were allegedly criminal in nature" improper under 7(f); and c) "[r]equests for specific dates and times exceed the scope of a bill of particulars and should be denied").

Each Defendant cites to *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988) and contends that RICO charges warrant special consideration under Rule 7(f). However, in *Davidoff*, (which is a 2-1, pre-*Salinas* case, not from this Circuit), the Government had charged an extortionate scheme as a predicate act and then, at trial, proved distinct schemes as part of establishing a RICO conspiracy. The *Davidoff* Court was critical of the Government's shift from the indictment text to a previously unspecified act of extortion and did reverse the district court's failure to require a bill

of particulars. Given the *Salinas* offense definition, however, it would be difficult to treat *Davidoff* as validly creating a distinct analysis under Rule 7(f) for RICO conspiracy charges, and the Sixth Circuit has not employed such an approach. If an indictment adequately apprises a defendant of the charges, permits preparation of a defense, and permits a later double jeopardy plea, no bill of particulars is necessary. That is the case here, under the 24 page, detail-laden Superceding Indictment.

Further, the Court must note several additional factors cutting against bill issuance. The Government has provided extensive and now complete Rule 16 discovery in the case. The information provided apparently includes over 3800 pages, 262 pictures, and 46 audio or video recordings. *See* DE #325 U.S. Response to Maricle and Jones, at 11; *see also id.* at 14 (describing 1800 pages provided relative to Count 2); DE #449 U.S. Response to Stivers, at 2 (including reference to 27 transcripts and production of over 3900 pages of documents). Each Defendant further has access to the public warrant filings in the case, related-case plea agreements, and the plea agreement of former Co-Defendant Bishop (DE #237). Finally, by the time the case goes to trial, Defendants will have had ten months of preparation time from the original indictment and approximately six months from filing of the Superceding Indictment. The parties may dispute the benefit of the volume of information produced, but each Defendant does have Rule 16 discovery, will receive full *Brady* disclosures in advance of trial, and has had ample time to conduct an investigation into the well-defined charges.

\* \* \*

For all of the reasons stated, the Court DENIES each motion for a bill of particulars, to wit, DE ##295, 321, 411, 378, 359, 363, and 386.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Fed. R. Crim. P. 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 8th day of October, 2009.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge