UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS C. ADAMS and | ) | **MEMORANDUM OPINION** |
| CHARLES WAYNE JONES, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*

Defendants Charles Wayne Jones and Douglas C. Adams have filed objections to an Order of the Magistrate Judge denying various motions related to discovery.  [Record No. 502]  For the reasons set forth below, the Defendants' objections [Record Nos. 517, 519] will be denied.

## I.    Background

By Order dated October 2, 2009, United States Magistrate Judge Robert E. Wier denied, *inter alia*, Jones' Motion & Memoranda for Discovery, Trial Witness and Exhibit List, Early Production of *Brady* and *Jencks* Material, and Production of Grand Jury Testimony [Record No. 302]; Motion for Early Disclosure of *Brady* and *Giglio* Material and for Additional Time to File Supplemental Defensive Motions by Defendant Douglas C. Adams [Record No. 319]; and Jones' Second Motion & Memoranda for Discovery and Request for Notices [Record No. 320].  Thereafter, Jones filed his Objection to Magistrate Order Denying Discovery [Record No. 517], and Adams filed his Objection to Recommendation [sic] for Denial of Motion for Early Disclosure of *Brady*/*Giglio* Material [Record No. 519].  The Court will consider these objections together.

-1-

## II.      Analysis

A magistrate judge's pretrial order on a nondispositive issue such as discovery may not be set aside by the district court unless the objecting party establishes that the order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); *see Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (a discovery motion is an example of nondispositive pretrial motion under § 636(b)(1)(A)); 28 *Moore's Federal Practice* § 659.07[3][a] (Matthew Bender 3d ed.) ("A district judge may delegate to a magistrate judge any discovery motion as a pretrial nondispositive matter for final decision.").  The Sixth Circuit has described the standard of review set forth in the Magistrates Act as "limited."  *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)).  Under this standard, the Court may not substitute its judgment for that of the Magistrate Judge.  *See Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  Rather, a decision is clearly erroneous only if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.*  Jones and Adams fail to demonstrate that any aspect of the Magistrate Judge's October 2, 2009 Order warrants reversal under this highly deferential standard of review.

Jones first seeks early disclosure of Jencks Act material.  The Jencks Act, 18 U.S.C. § 3500, provides that

> [i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). Jones cites caselaw from various other jurisdictions in support of his request and asserts that "[i]t is clear" that the Court may "override the timing provisions set forth in the

[Jencks] Act." [Record No. 302, p. 3]  However, Sixth Circuit law is unequivocal that the trial court

has no authority to require disclosure of Jencks Act material until after the government's witness

has testified.  "The clear and consistent rule of this circuit is that the intent of Congress expressed

in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks

Act material before trial."  *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) (citing

*United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982); *United States v. Carter*, 621 F.2d 238, 240

(6th Cir. 1980)); *see also United States v. Hoyle*, CR No: 07-20130, 2008 U.S. Dist. LEXIS 1130,

at *4-*5 (E.D. Mich. Jan. 8, 2008).  This is true regardless of case management concerns.  *See*

*generally Algie*, 667 F.2d 569.  The Magistrate Judge's scheduling orders clearly reflected this rule.

[*See* Record Nos. 27, 185, 289 (providing that the orders "do[] not require the United States to

disclose Jencks Act material to the Defendant prior to trial other than as required by 18 U.S.C. §

3500")]

The October 2 Order denying Defendants' discovery motions was consistent with the

scheduling orders and with Sixth Circuit precedent regarding the timing of Jencks Act disclosures.

The Magistrate Judge therefore properly denied Jones' request for early disclosure of Jencks Act

material.  Indeed, had the Magistrate Judge granted this request, the ruling would have been contrary

to law and thus subject to reversal.  *See Presser*, 844 F.2d 1275; *Algie*, 667 F.2d 569.

The Court notes that this is not the first instance in this case of counsel making arguments

directly contradictory to Sixth Circuit caselaw without mentioning or attempting to distinguish the

applicable authority.  Such arguments waste counsel's time as well as the Court's.  As counsel

should be aware, the Court is not at liberty to disregard clearly established Sixth Circuit precedent.

Moreover, the Defendants' counsel are admonished that Model Rule of Professional Conduct 3.3

forbids a lawyer to fail to disclose to the Court controlling precedent not cited by opposing counsel. *Model Rules of Prof'l Conduct* R. 3.3(a) (2006); *see United States v. Marks*, 209 F.3d 577, 585 (6th Cir. 2000) (applying Rule 3.3).  Comment 4 to Model Rule 3.3 provides that while "[a] lawyer is not required to make a disinterested exposition of the law, [he or she] must recognize the existence of pertinent legal authorities. . . .  The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case."  *Id.* cmt. 4.  Counsel are strongly advised to ascertain binding authority before making future arguments.

Jones also seeks accelerated disclosure of *Brady*/*Giglio* materials that fall under the Jencks Act.  [*See* Record No. 302, p. 5-7]  In his objection to the Magistrate Judge's Order, Adams makes the same request.  [Record No. 519, p. 3]  The Sixth Circuit has expressly stated that "[w]hen *Brady* material sought by a defendant is covered by the Jencks Act, the terms of that Act govern the timing of the government's disclosure."  *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994) (citing *Presser*, 844 F.2d 1275, for proposition that "Jencks Act overrides *Brady* with respect to timing of disclosure; evidence properly disclosed after testimony at trial pursuant to Jencks Act cannot be subject to earlier disclosure under *Brady*").  Thus, as discussed above, the Court may not compel the United States to produce such materials until after each witness has testified.  *See Presser*, 844 F.2d at 1283; *Algie*, 667 F.2d at 571.  These requests were therefore also properly denied.

Both Jones and Adams request early disclosure of *Brady*/*Giglio* materials.  [Record Nos. 302, 319]  Such materials, to the extent they fall outside Rule 16, must be produced "in time for 'effective' use at trial."  *Presser*, 844 F.2d at 1283 (citing *United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984); *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983)).  The Magistrate Judge's initial scheduling orders, to which the October 2 Order referred, used precisely this language.  [*See*

Record Nos. 27, 289 ("If disclosure is not required by Rule 16(a), said [*Brady*] material shall be disclosed to Defendant[s] *in time for effective use at trial.*") (emphasis added); Record No. 189 (incorporating requirements of prior scheduling order)]  Thus, it is obvious that the Magistrate Judge's Order is not contrary to law with regard to non-Rule 16 *Brady/Giglio* materials.

Nor is there anything clearly erroneous about the Magistrate Judge's decision not to "micromanage the Government's defined role in *Brady/Giglio* processing." [Record No. 502, p. 5] The Sixth Circuit has recognized that production of *Brady* materials even during trial may be constitutionally sufficient. *See Bencs*, 28 F.3d at 561 (citing *Presser*, 844 F.2d at 1283-84).  As noted in the Magistrate Judge's Order, the United States has indicated that it will provide *Brady/Giglio* materials ten days prior to trial.  [Record No. 502, p. 5]  Jones' prediction that evidence yet to be produced by the United States is "likely voluminous" does not compel the conclusion that disclosure of these materials ten days prior to trial would prevent its effective use. [*See* Record No. 302, p. 2]  Adams' similar assertion that the forthcoming *Brady/Giglio* material is "expected to be voluminous," and that, therefore, "ten days is simply and clearly not enough time to make effective use of the materials at trial," is likewise insufficient to establish clear error.  [*See* Record No. 519, p. 3]  In sum, the Defendants' arguments on this issue do not leave the Court with a "definite and firm conviction that a mistake has been committed."  *See Heights Cmty. Cong.*, 774 F.2d at 140.

The Defendants' remaining discovery requests relate to matters addressed under Rule 16 or left to the discretion of the judicial officer handling discovery matters – in this case, the Magistrate Judge.  [*See* Standing Referral Order, Record No. 10]  The Rule 16 issues were resolved by the initial scheduling orders.  [*See* Record Nos. 27, 185, 289]  There is no indication, nor does Adams

or Jones argue, that the Magistrate Judge abused his discretion in denying any of their discovery

motions.  Neither the Magistrate Judge nor the undersigned is obligated to reconsider previous

discovery rulings merely because Defendants would have preferred a different outcome.

**III.     Conclusion**

Defendant Jones' Objection to Magistrate Order Denying Discovery [Record No. 517] and

Defendant Adams' Objection to Recommendation for Denial of Motion for Early Disclosure of

*Brady*/*Giglio* Material [Record No. 519] are **DENIED**.

This 10th day of December, 2009.

Signed By:

Danny C. Reeves

United States District Judge