UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RUSSELL CLETUS MARICLE, et al., | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*

## INSTRUCTION NO. 1

### Introduction

(1)    Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every criminal case.

(3)    Then I will explain the elements, or parts, of the crimes that the Defendants are accused of committing.

(4)    Next, I will explain the Defendants' position.

(5)    After that, I will explain some rules that you must use in evaluating particular testimony and evidence.

-1-

(6)    And finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)    Please listen very carefully to all of these instructions.



## INSTRUCTION NO. 2

### Jurors' Duties

(1)    You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide if the United States has proved the Defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)    The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

(4)    Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

-3-

## INSTRUCTION NO. 3

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

(1)    As you know, the Defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the United States tells the Defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

(2)    Instead, the Defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with them unless the United States presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that they are guilty.

(3)    This means that the Defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the United States to prove that they are guilty, and this burden stays on the United States from start to finish. You must find the Defendants not guilty unless the United States convinces you beyond a reasonable doubt that they are guilty.

(4)    The United States must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

-4-

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved the Defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.



## INSTRUCTION NO. 4

### Evidence Defined

(1)    You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)    The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the facts that I have judicially noticed.

(3)    Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)    During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)    Make your decision based only on the evidence, as I have defined it here, and nothing else.

-6-

## INSTRUCTION NO. 5

### Consideration of Evidence

(1)     You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.



## INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

-8-

## INSTRUCTION NO. 7

### Credibility of Witnesses

(1)    Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)    Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)    Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)    Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)    Ask yourself if the witness had any relationship to the United States or the defendant, or anything to gain or lose from the case, that might influence the

-9-

witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)    And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)    These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience

-10-

in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.



## INSTRUCTION NO. 8

### Number of Witnesses

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.



# INSTRUCTION NO. 9

## Lawyers' Objections

(1)    There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)    The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)    And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings are based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.



## INSTRUCTION NO. 10

### Introduction

(1)    That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the Defendants are accused of committing.

(2)    But before I do that, I want to emphasize that the Defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the United States has proved the crimes charged.



## INSTRUCTION NO. 11

### Separate Consideration – Multiple Defendants Charged with Multiple Crimes

(1)    Each defendant has been charged with several crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

(2)    The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the United States has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3)    Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## INSTRUCTION NO. 12

### COUNT 1
### (All Defendants)
### 18 U.S.C. § 1962(d)
### RICO Conspiracy – Elements

(1)    Count 1 of the indictment charges that from on or about March 2002, exact date unknown, to on or about July 17, 2007, all the defendants knowingly conspired together and with others known and unknown and agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity.  In order to convict a defendant on the RICO conspiracy offense charged in Count 1, the United States must prove all of the following five elements beyond a reasonable doubt:

(A)    First, that an enterprise existed as alleged in the indictment;

(B)    Second, that the enterprise was engaged in, or had some effect on, interstate commerce;

(C)    Third, that the defendant was associated with or employed by the enterprise;

(D)    Fourth, that on or about a day in March 2002, the exact date unknown, to on or about July 17, 2007, two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of an enterprise, directly or indirectly, through a pattern of racketeering activity; and

(E)    Fifth, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later

-16-

time while it was still in existence, and at the time the defendant joined in the agreement or understanding he or she specifically intended to otherwise participate in the affairs of the enterprise.



## INSTRUCTION NO. 12A

### COUNT 1 (continued)
### RICO Conspiracy – "Enterprise" Defined

(1)    An enterprise includes any individual, partnership, corporation, association, or other legal entity, in any union or group of individuals associated in fact, although not a legal entity.

(2)    The term "enterprise," as used in these instructions, may include a group of people associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be an enterprise if these individuals have joined together for the purpose of engaging in a common course of conduct. This group of people, in addition to having a common purpose, must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. Such an association of individuals may retain its status as an enterprise even though the membership of the association changes by adding or losing individuals during the course of its existence.

(3)    If you find that this was, in fact, a legal entity such as a partnership, corporation, or association, then you may find that an enterprise existed.

(4)    The United States must also prove that the association had a structure distinct from that necessary to conduct the pattern of racketeering activity.

-18-

## INSTRUCTION NO. 12B

### COUNT 1 (continued)
### RICO Conspiracy – "Interstate Commerce" Defined

(1)     Interstate commerce includes the movement of money, goods, services, or persons from one state to another. This would include the purchase or sale of goods or supplies from outside the state in which the enterprise was located, the use of interstate mail or wire facilities, or the causing of any of those things. If you find beyond a reasonable doubt that the actions of the enterprise affected in any degree the movement of money, goods, or services across state lines, then interstate commerce was engaged in or affected.

(2)     The United States need only prove that the enterprise as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The United States need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

(3)     In this case, the United States alleges that the enterprise engaged in, or affected, interstate commerce by affecting the outcome of federal and state elections, as well as the awarding of contracts by county and city governments for sanitation services and construction of water sewer projects, which included federal grant monies.

-19-

## INSTRUCTION NO. 12C

**COUNT 1 (continued)**
**RICO Conspiracy – "Associated With" Explained**

(1)    To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence.



## INSTRUCTION NO. 12D

### COUNT 1 (continued)
### RICO Conspiracy – "Agreement" Explained

(1)    The United States must prove beyond a reasonable doubt that a defendant knowingly reached an agreement or understanding with at least one other person to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity. However, you do not have to find that any racketeering acts were actually committed.

(2)    The agreement or understanding need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

(3)    You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way that advances some purposes of one does not thereby become a member of the conspiracy.

(4)    But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are. Further, it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the

-21-

conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

(5)     In determining whether the alleged conspiracy existed, you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of the alleged participants.

(6)     Acts and statements that were made before the conspiracy began or after it ended are admissible only against the person who made them and should not be considered by you against any other defendant.



## INSTRUCTION NO. 12E

### COUNT 1 (continued)
### RICO Conspiracy – "Conduct"/"Participate" Defined

(1)    A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his or her position in, or association with the enterprise, to perform acts which are involved in some way in the operation or management of the enterprise directly or indirectly, or if the person causes another to do so. A person also participates in the operation of the affairs of the enterprise if he or she has some part in directing those affairs. An enterprise may be "operated" not just by the upper management but also by lower rung participants in the enterprise who are under the direction of upper management.

(2)    In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all the activity alleged in Count 1 of the indictment.

## INSTRUCTION NO. 12F

### COUNT 1 (continued)
### RICO Conspiracy – "Pattern of Racketeering Activity" Explained

(1)     In order to find a "pattern of racketeering activity" for purposes of Count 1, you must find beyond a reasonable doubt that a defendant agreed that some member or members of the conspiracy would commit at least two acts of racketeering as described in Count 1. You must also find that those acts were in some way related to each other and that there was continuity between them.

(2)     Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics or are part of the affairs of the same enterprise.

(3)     There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

(4)     For purposes of Count 1, the United States does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit such acts.

## INSTRUCTION NO. 12G

**COUNT 1 (continued)**
**RICO Conspiracy – Racketeering Act – Honest Services Mail Fraud**

*[See Instruction No. 14 below]*



## INSTRUCTION NO. 12H

### COUNT 1 (continued)
### RICO Conspiracy – Racketeering Act – Extortion/Attempted Extortion

*[See Instruction No. 15 below]*



## INSTRUCTION NO. 12I

### COUNT 1 (continued)
### RICO Conspiracy – Racketeering Act – Obstruction of Justice

*[See Instruction No. 16 below]*



### INSTRUCTION NO. 12J
### COUNT 1 (continued)
### 18 U.S.C. § 1962(d)
### RICO Conspiracy – Racketeering Act – Bribery

(1)     The indictment in Count 1 alleges a conspiracy to commit racketeering acts in violation of KRS 119.205, which provides that "[a]ny person who makes or offers to make an expenditure to any person, either to vote or withhold his vote, or to vote for or against any candidate or public question at an election shall be guilty of a Class D felony."

(2)     The elements of this offense are as follows:

(A)     That the defendant makes or offers to make,

(B)     an expenditure to a potential voter,

(C)     with intent to influence the voter to vote or withhold his vote, or to vote for or against any candidate at an election;

(3)     "Expenditure" means any of the following when intended as payment or consideration for voting or withholding a vote, voting for or against any candidate or public question, or signing a petition to have a public question placed on the ballot:

(a)     a payment, distribution, loan, advance, deposit, or gift of money or anything of value; or

(b)     a contract, promise, or agreement, express or implied, whether or not legally enforceable, to make a payment, distribution, loan, advance, deposit, or gift of money or anything of value.

-28-

## INSTRUCTION NO. 12K

### COUNT 1 (continued)
### Multiple Conspiracies – Material Variance from the Indictment

(1)    As I have explained, Count 1 of the indictment charges that the Defendants were all members of one single conspiracy to violate the RICO statute by conducting and participating, directly and indirectly, in the conduct of the affairs of the Clay County Board of Elections through a pattern of racketeering activity.

(2)    Some of the Defendants have argued that there were really two or more separate conspiracies — between some Defendants to commit some crimes, and between other Defendants or persons to commit other crimes.

(3)    To convict any one of the defendants of the conspiracy charge in Count 1, the United States must convince you beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the indictment. If the United States fails to prove this, then you must find that defendant not guilty of the conspiracy charge, even if you find that he or she was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict.

(4)    But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the United States also proved that he or she was a member of the conspiracy charged in Count 1.

-29-

## INSTRUCTION NO. 12L

### COUNT 1 (continued)
### Multiple Conspiracies – Factors in Determining

(1)    In deciding whether there was more than one conspiracy, you should concentrate on the nature of the agreement. To prove a single conspiracy, the United States must convince you that each of the members agreed to participate in what he or she knew was a group activity directed toward a common goal. There must be proof of an agreement on an overall objective.

(2)    But a single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. These are all things that you may consider in deciding whether there was more than one conspiracy, but they are not necessarily controlling.

(3)    Similarly, just because there were different sub-groups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy. Again, you may consider these things, but they are not necessarily controlling.

(4)    What is controlling is whether the United States has proved that there was an overall agreement on a common goal. That is the key.

## INSTRUCTION NO. 13

### COUNT 2
### 18 U.S.C. § 1956(h)
### Conspiracy to Commit Money Laundering

(1)    Count 2 of the indictment charges all of the defendants with a money-laundering conspiracy in violation of Title 18 of the United States Code, section 1956(h). It is alleged that this activity occurred beginning on or about a day in March 2002, the exact date unknown, and continuing through July 17, 2007. In order to find a defendant guilty of Count 2, you must find that he or she agreed with at least one other person to violate the money-laundering statute. A violation of the money-laundering statute would consist of the following elements:

(A)    First, that a defendant conducted or attempted to conduct a financial transaction.

(B)    Second, that the financial transaction involved property that represented the proceeds of bribery or extortion, as I previously defined those crimes.

(C)    Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(D)    Fourth, that the defendant:

(I)    had the intent to promote the carrying on of bribery or extortion; and/or

(ii)     knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of bribery or extortion.

(2)     Now I will give you some more detailed instructions on some of these terms.

(A)     The term "financial transaction" means a transaction which in any way or degree affects interstate or foreign commerce

(I)     involving the movement of funds by wire or other means; or

(ii)     involving one or more monetary instruments.

(B)     The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

(C)     The word "proceeds" means any property derived from, obtained, retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

(D)     The phrase "knew that the property involved in a financial transaction represented the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law.

-32-

(E)    The money that a person intends to use to bribe another becomes proceeds of specified unlawful activity when he gives it to a third party; the third party's subsequent transfer of the money is a money laundering offense.



## INSTRUCTION NO. 13A

### COUNT 2 (continued)
### Conspiracy to Commit Money Laundering – Basic Elements of Conspiracy

(1)     As I explained previously, it is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership. For you to find any one of the Defendants guilty of the conspiracy to commit money-laundering as charged in Count 2 of the indictment, the United States must prove each and every one of the following elements beyond a reasonable doubt:

(A)     First, that two or more persons conspired, or agreed, to commit the crime of money laundering, as that crime has been described to you;

(B)     Second, that the defendant knowingly and voluntarily joined the conspiracy; and

(C)     Third, that the conspiracy took place in whole or in part in the Eastern District of Kentucky beginning on or about a day in March 2002 and continuing through on or about July 17, 2007.

(3)     You must be convinced that the United States has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the money-laundering conspiracy charge.

-34-

## INSTRUCTION NO. 13B

### COUNT 2 (continued)
### Conspiracy to Commit Money Laundering – Agreement

(1)    With regard to the first element — a criminal agreement — the United States must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of money laundering in violation of the money-laundering statute.

(2)    This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the United States has proved an agreement. But without more they are not enough.

(3)    What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of money laundering. This is essential.

(4)    An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

-35-

## INSTRUCTION NO. 13C

### COUNT 2 (continued)
### Conspiracy to Commit Money-Laundering – Defendant's Connection to the Conspiracy

(1)     If you are convinced that there was a criminal agreement, then you must decide whether the United States has proved that a defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard.  To convict any defendant, the United States must prove that he or she knew the conspiracy's main purpose and voluntarily joined it intending to help advance or achieve its goals.

(2)     This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or had a substantial connection to it.  A slight role or connection may be enough.

(3)     But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator.  These are all things that you may consider in deciding whether the United States has proved that a defendant joined a conspiracy. But without more they are not enough.

(4)     What the United States must prove is that a defendant knew the conspiracy's main purpose and voluntarily joined it intending to help advance or achieve its goals. This is essential.

(5)     A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.



-37-

## INSTRUCTION NO. 14

### COUNTS THREE, FIVE, SIX, AND SEVEN
### Defendants Charles Wayne Jones and Freddy W. Thompson
### 18 U.S.C. §§ 1341 and 1346
### Honest Services Mail Fraud

(1)     Counts 3, 5, 6, and 7 of the indictment accuse Defendants Charles Wayne Jones

and Freddy Thompson of violations of Title 18 of the United States Code, sections 1341 and

1346, which make it a federal crime or offense for anyone to use the United States mails in

carrying out a scheme to fraudulently deprive another of the intangible right of honest

services. Count 3 relates to the period which begins on or about a day in January 2004 until

on or about May 19, 2004. Count 5 relates to the period beginning on or about a day in mid-

2004 until on or about November 3, 2004. Count 6 relates to the period on or about a day

in January 2006 until on or about May 17, 2006. Count 7 relates to the period on or about

a date in mid-2006 until on or about November 8, 2006.

(2)     For you to find a defendant guilty of this crime, you must be convinced that the

United States has proved each of the following beyond a reasonable doubt:

(A)     First, that the Defendant knowingly devised or participated in a scheme

to fraudulently deprive the citizens of Clay County of their right to the honest services

of a member of the Board of Elections and the county clerk, using the following

manner and means:

(i)     participating, with others, in pooling funds for the purpose of

buying votes;

-38-

(ii)     instructing election officers to buy votes and mark voters or present tickets to voters for purposes of identifying voters who had sold their votes;

(iii)    instructing election officers to assist voters who sold their votes and to destroy voter assistance forms which may have resulted; and

(iv)    assisting in the preparation of an election report which falsely reported as valid fraudulent vote totals in the county to the Kentucky Secretary of State and the Kentucky Board of Elections;

(B)     Second, that the Defendant did so willfully with an intent to defraud; and

(C)     Third, that the Defendant used the United States Postal Service by mailing or by causing to be mailed some matter or thing for the purpose of executing the scheme to defraud.

(3)     The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to oneself.

(4)     To "deprive another of the intangible right of honest services" means to violate, or to cause a public official to violate, the official's duty to provide honest services to the public.

(5)    Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If, instead, the official or employee acts or makes his decision based on his own personal interests — such as accepting a bribe, taking a kickback or receiving personal benefit from an undisclosed conflict of interest — the official has defrauded the public of the official's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

(6)    It is not necessary that the United States prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mails was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing.

(7)    What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the United States mail was closely related to the scheme because the Defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

(8)    To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen.

-40-

(9)    Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.



## INSTRUCTION NO. 14A

### Aiding and Abetting

(1)    For you to find Charles Wayne Jones or Freddy W. Thompson guilty of honest services mail fraud, it is not necessary for you to find that they personally committed the crime themselves.  You may also find them guilty if they intentionally helped someone else to commit the crime.  A person who does this is called an aider and abettor.

(2)    But for you to find a defendant guilty of honest services mail fraud as an aider and abettor, you must be convinced that the United States has proved each and every one of the following elements beyond a reasonable doubt:

(A)    First, that the crime of honest services mail fraud was committed;

(B)    Second, that the defendant helped to commit the crime; and

(C)    Third, that the defendant intended to help commit the crime.

(3)    Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the United States has proved that he was an aider and abettor, but without more it is not enough.

(4)    What the United States must prove is that the defendant did something to help the crime with the intent that the crime be committed.

(5)    If you are convinced that the United States has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any

-42-

one of these elements, then you cannot find the defendant guilty of honest services mail fraud as an aider and abettor.



## INSTRUCTION NO. 14B

### *Pinkerton* Liability for Substantive Offenses
### Committed by Others

(1)     As I have explained, Counts 3, 5, 6, and 7 of the indictment accuse Defendants Jones and Thompson of committing the crime of mail fraud.

(2)     In addition to convincing you that a defendant personally committed or participated in the crime or that he aided and abetted the commission of the crime, the United States may also prove the defendant guilty based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)     In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

(4)     But for you to find one of these Defendants guilty of mail fraud based on this legal rule, you must be convinced that the United States has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the Defendant was a member of the conspiracy charged in the relevant count of the indictment.

-44-

(B)     Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of mail fraud.

(C)     Third, that this crime was committed to help advance the conspiracy.

(D)     And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)     This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the United States must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

(6)     If you are convinced that the United States has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

## INSTRUCTION NO. 15

### COUNT 4
### Defendants Charles Wayne Jones and William E. Stivers
### 18 U.S.C. § 1951
### Attempted Extortion

(1)    Count 4 of the indictment charges Defendants Charles Wayne Jones and William E. Stivers with a violation of Title 18 of the United States Code, section 1951, which makes it a federal crime to attempt to extort another. It is alleged that this crime occurred on or about a date in September 2004. To sustain the charge of attempted extortion, the United States must prove the following beyond a reasonable doubt:

(A)    First, that the Defendant knowingly attempted to obtain money from Carmen Webb Lewis;

(B)    Second, that the Defendant did so by means of extortion by use of fear or under color of official right, as those terms are defined in these instructions;

(C)    Third, that the Defendant believed that Carmen Webb Lewis would have parted with the money because of the extortion; and

(D)    Fourth, that the conduct of the Defendant affected, would have affected, or had the potential to affect interstate commerce.

(2)    If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

-46-

(3)    If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.



## INSTRUCTION NO. 15A

**COUNT 4 (continued)**
**Attempted Extortion – "Color of Official Right" Defined**

(1)    Attempted extortion under color of official right occurs when a public official attempts to obtain money or property to which he or she is not entitled, believing that the money or property would be given to him or her in return for the taking, withholding or other influencing of official action.  While the official must attempt to obtain the money or property in return for the official action, the United States does not have to prove that the official actually intended to take that action.

## INSTRUCTION NO. 15B

### COUNT 4 (continued)
### Attempted Extortion – "Extortion" Defined

(1)    Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The United States must prove that the victim's fear would have been reasonable under the circumstances. However, the United States need not prove that the defendant actually intended to cause the harm threatened.

## INSTRUCTION NO. 15C

**COUNT 4 (continued)**
**Attempted Extortion – "Interstate Commerce" Defined**

(1)    With respect to Count 4, the United States must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This means that the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. It is not necessary for you to find that the defendant knew or intended that his or her actions would affect interstate commerce.

## INSTRUCTION NO. 15D

### *Pinkerton* Liability for Substantive Offenses
### Committed by Others

(1)     As I explained, Count 4 accuses Defendants Jones and Stivers of attempted extortion.

(2)     There are two ways that the United States can prove a defendant guilty of this crime. The first is by convincing you that he personally committed or participated in the crime. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)     In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

(4)     But for you to find one of these Defendants guilty of attempted extortion based on this legal rule, you must be convinced that the United States has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the Defendant was a member of the conspiracy charged in Count 4 of the indictment.

(B)     Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of attempted extortion.

(C)     Third, that this crime was committed to help advance the conspiracy.

(D)     And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)     This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the United States must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

(6)     If you are convinced that the United States has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

## INSTRUCTION NO. 16

### COUNT 8
### Defendant Russell Cletus Maricle and William E. Stivers

### COUNT 9
### Defendant Freddy W. Thompson
### 18 U.S.C. § 1503
### Corruptly Obstructing Administration of Justice

(1)    Defendants Maricle and Stivers are charged in Count 8 and Defendant Thompson is charged in Count 9 with violating Title 18 of the United States Code, section 1503. It is alleged that the illegal activities charged in Count 8 occurred on or about May 2, 2007 and continuing through on or about May 17, 2007. The illegal activities asserted in Count 9 are alleged to have occurred on or about July 12, 2007.

(2)    This law makes it a crime for anyone to corruptly endeavor to influence, obstruct, or impede the due administration of justice in connection with a pending judicial proceeding.

(3)    To find a defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

(A)    First, that there was a proceeding pending before a federal grand jury;

(B)    Second, that the defendant knew of the pending judicial proceeding and endeavored to influence, obstruct, or impede the due administration of justice in that proceeding; and

-53-

(C)    Third, that the defendant's act was done "corruptly," that is, that the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

(4)    It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to influence, obstruct, or impede the due administration of justice as the natural and probable effect of his actions.

(5)    The statute would be violated if the Defendant advises with corrupt motive that a witness should assert his Fifth Amendment right to remain silent before a grand jury.

## INSTRUCTION NO. 16A

### *Pinkerton* Liability for Substantive Offenses
### Committed by Others

(1)     As I have explained, Count 8 accuses Defendants Maricle and Stivers of obstruction of justice.  Count 9 charges Defendant Thompson with the same offense.

(2)     There are two ways that the United States can prove a Defendant guilty of these crimes.  The first is by convincing you that he personally committed or participated in the crime.  The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)     In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

(4)     But for you to find any one of these Defendants guilty of obstruction of justice based on this legal rule, you must be convinced that the United States has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the Defendant was a member of the conspiracy charged in the relevant count of the indictment.

-55-

(B)    Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of obstruction of justice.

(C)    Third, that this crime was committed to help advance the conspiracy.

(D)    And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)    This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the United States must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

(6)    If you are convinced that the United States has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

## INSTRUCTION NO. 17

### COUNT 10
### Defendants Russell Cletus Maricle, Charles Wayne Jones, William E. Stivers, and Freddy W. Thompson
### 18 U.S.C. § 241
### Conspiracy to Deprive Person of Civil Rights

(1)     Count 10 of the indictment alleges that, from on or about a date in June 2004, to on or about November 7, 2006, Defendants Maricle, Jones, Stivers, and Thompson violated Title 18 of the United States Code, Section 241, which makes it a crime for two or more persons to conspire to injure or oppress any person in the free exercise or enjoyment of any right or privilege secured to the victim by the Constitution or laws of the United States.

(2)     For you to find a defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

(A)     First, that the defendant entered into a conspiracy to injure or oppress one or more victims; and

(B)     Second, that the defendant intended by the conspiracy to hinder, prevent, or interfere with the victims' enjoyment of a right secured by the Constitution or laws of the United States.

(3)     The indictment charges that the defendants conspired to deprive the victims of the right to vote. You are instructed that this right is one secured by the Constitution and laws of the United States.

-57-

## INSTRUCTION NO. 17A

### COUNT 10 (continued)
### 18 U.S.C. § 241
### Conspiracy to Deprive Person of Civil Rights – Basic Elements of Conspiracy

(1)    In Count 10 of the indictment, Defendants Maricle, Jones, Stivers, and Thompson are charged with conspiring to deprive qualified voters of their right to vote. Again, it is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)    A conspiracy is a kind of criminal partnership. For you to find any one of these defendants guilty of the conspiracy charge in Count 10 of the indictment, the United States must prove each and every one of the following elements beyond a reasonable doubt:

(A)    First, that two or more persons conspired, or agreed, to deprive a person of his or her right to vote; and

(B)    Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3)    You must be convinced that the United States has proved both of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge in Count 10.

-58-

## INSTRUCTION NO. 18

### COUNT 11
**Defendants Russell Cletus Maricle, Charles Wayne Jones, William E. Stivers,
Freddy W. Thompson, William B. Morris, and Debra L. Morris
18 U.S.C. § 371; 42 U.S.C. § 1973i
Conspiracy to Commit Vote-Buying – Basic Elements**

(1)    In Count 11 of the indictment, Defendants Maricle, Jones, Stivers, Thompson,

William Morris, and Debra Morris are charged with conspiring to commit vote-buying by

illegally funding a pool and using the money to buy votes in violation of federal law.  It is

alleged that this illegal activity occurred from on or about a date in January 2006, the exact

date unknown, to on or about November 7, 2006.  Again, it is a crime for two or more

persons to conspire, or agree, to commit a criminal act, even if they never actually achieve

their goal.

(2)    A conspiracy is a kind of criminal partnership.  For you to find any one of these

defendants guilty of the conspiracy charge in Count 11 of the indictment, the United States

must prove each and every one of the following elements beyond a reasonable doubt:

(A)    First, that two or more persons conspired, or agreed, to commit the
crime of vote-buying;

(B)    Second, that the defendant knowingly and voluntarily joined the
conspiracy; and

(C)    Third, that a member of the conspiracy did one of the overt acts
described in the indictment for the purpose of advancing or helping the conspiracy.

-59-

(3)     You must be convinced that the United States has proved all of these elements

beyond a reasonable doubt in order to find any one of these defendants guilty of the vote-

buying conspiracy charge.



## INSTRUCTION NO. 18A

### COUNT 11 (continued)
### Conspiracy to Commit Vote-Buying – Agreement

(1)    Regarding the first element — a criminal agreement — the United States must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of vote-buying.

(2)    Again, this does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the United States has proved an agreement. But without more they are not enough.

(3)    What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of vote-buying. This is essential.

(4)    An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 18B

### COUNT 11 (continued)
### Conspiracy to Commit Vote-Buying – Defendant's Connection to the Conspiracy

(1)     If you are convinced that there was a criminal agreement, then you must decide whether the United States has proved that the defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the United States must prove that he or she knew the conspiracy's main purpose and voluntarily joined it intending to help advance or achieve its goals.

(2)     This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or had a substantial connection to it. A slight role or connection may be enough.

(3)     But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the United States has proved that a defendant joined a conspiracy. But without more they are not enough.

(4)    What the United States must prove is that a defendant knew the conspiracy's main purpose and voluntarily joined it intending to help advance or achieve its goals. This is essential.

(5)    A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 18C

### COUNT 11 (continued)
### Conspiracy to Commit Vote-Buying – Overt Acts

(1)    The third element that the United States must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2)    The indictment lists several overt acts.  The United States does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3)    But the United States must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

## INSTRUCTION NO. 18D

### Elements of Vote-Buying

(1)    To determine whether a conspiracy has as its purpose the commission of a crime, you must know the elements of the crime.

(2)    The elements of vote-buying under Title 42 of the United States Code, section 1973i, are:

(A)    First, that an election was held solely or in part for the purpose of selecting or electing a candidate for the United States Congress;

(B)    Second, that someone paid or offered to pay a person for voting in that election; and

(C)    Third, that the person acted knowingly or willfully.

(3)    As previously indicated to you, the United States must prove that the election in question included a candidate for United States Congress, and that the defendants paid or offered to pay a person for voting in that election. The United States, however, does not have to prove that the payment or offer of payment was made specifically for or on behalf of a federal candidate, or for any particular candidate, or that the defendant had a specific intent to influence a federal race, or any particular race. Accordingly, the United States also need not prove, and it does not matter, who any voter actually voted for. The United States need only show a payment or offer to pay for the act of voting in an election that included a candidate for federal office.

-65-

(4)     The United States does not have to prove that the payment or offer of payment was made specifically for or on behalf of a federal candidate, or for any particular candidate, or that the defendant had a specific intent to influence a federal race, or any particular race. Accordingly, the United States also need not prove and it does not matter, who any voter actually voted for. The United States need only show a payment or offer to pay for the act of voting in an election that included a candidate for federal office.



## INSTRUCTION NO. 19

### Unindicted, Unnamed or Separately Tried Co-Conspirators

(1)     Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2)     Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the United States can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## INSTRUCTION NO. 20

### COUNTS 1, 2, 10, AND 11
### Duration of a Conspiracy

(1)     As I explained, the United States has alleged conspiracies in several counts covering identified time periods. This raises the related question of when a conspiracy comes to an end.

(2)     A conspiracy ends when its goals have been achieved. But sometimes a conspiracy may have a continuing purpose and may be treated as an ongoing, or continuing, conspiracy. This depends on the scope of the agreement.

(3)     If the agreement includes an understanding that the conspiracy will continue over time, then the conspiracy may be a continuing one. And if it is, it lasts until there is some affirmative showing that it has ended. On the other hand, if the agreement does not include and understanding that the conspiracy will continue, then it comes to an end when its goals have been achieved. This, of course, is all for you to decide.

-68-

## INSTRUCTION NO. 21

### On or About

(1)    Next, I want to say a word about the dates mentioned in the indictment.

(2)    The indictment charges that the crimes happened "on or about" certain dates. The United States does not have to prove that the crimes happened on those exact dates. But the United States must prove that the crimes happened reasonably close to those dates.

## INSTRUCTION NO. 22

### Inferring Required Mental State

(1)    Next, I want to explain something about proving a defendant's state of mind.

(2)    Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)    But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)    You may also consider the natural and probable results of any acts that the Defendants knowingly did, and whether it is reasonable to conclude that the Defendants intended those results. This, of course, is all for you to decide.

-70-

## INSTRUCTION NO. 23

### Defense Theory

(1)    That concludes the part of my instructions explaining the elements of the crimes. Next I will explain the Defendants' positions.

(2)    All Defendants assert that the United States has failed to prove beyond a reasonable doubt all of the elements of the crimes charged in the indictment.

## INSTRUCTION NO. 23A

### Defense Theory (continued) – Defendant Adams' Position

(1)     Defendant Douglas C. Adams asserts that he did not use his position as superintendent of the Clay County Schools to control any election in Clay County, Kentucky, and that whatever was his involvement in Clay County elections, he did not participate in any illegal use of the Clay County Board of Elections as an "enterprise."

(2)     It is further his position that neither he nor anyone on his behalf directed any member or employee of the Clay County Board of Elections, including election officers, and that the defendants as a group never acted together for the illegal common purpose of controlling elections in Clay County.

(3)     According to Defendant Adams, he obtained his job legally, held it legally, and kept it legally, and he maintains that the evidence does not support the assertion that there was any political pressure put on any member of the Board of Education to hire or retain him, or pay him an improper rate of compensation.  He further contends that he was not involved in any illegal kickback schemes or extortion and that he did not conspire with any other person to conduct any unlawful financial transactions affecting interstate commerce.

## INSTRUCTION NO. 23B

### Defense Theory (continued) – Defendant Thompson's Position

(1)    Next I will explain Defendant Freddy Thompson's position.

(2)    Defendant Thompson asserts that in 2002, many people, including some defendants in this case, wanted Jennings White out of power. You have heard about several crimes committed by Jennings White. While there has been evidence votes were bought by people who were interested in Freddy Thompson defeating Jennings White, it is Defendant Thompson's position that he did not personally buy votes, or conspire with others to do so on his behalf.

(3)    It is Defendant Thompson's theory that after being elected in 2002, he was unopposed in 2004 and 2006 and had no personal interest in those elections. With regard to the 2004 and 2006 elections, it is Defendant Thompson's position that he was required to certify the election results under Kentucky law, and that he had no knowledge if the election reports in those years contained fraudulent vote totals.

(4)    Finally, it is Defendant Thompson's position that in 2006, he went to great lengths to educate the citizens of Clay County about the new voting machine, and that he did not participate in any plan to deprive anyone of the right to vote.

(5)    With respect to the charge contained in Count 6, alleging that Defendant Thompson assisted in the preparation of an election report that falsely reported as valid fraudulent vote totals in the county to the Kentucky Secretary of State and the Kentucky Board of Elections, the Defendant asserts a defense of good faith.

(6)     A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(7)     A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(8)     While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(9)     The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(10)    If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

-74-

## INSTRUCTION NO. 24

### Introduction

(1)    That concludes the part of my instructions explaining the Defendants' positions.  Next I will explain some rules that you must use in considering some of the testimony and evidence.



## INSTRUCTION NO. 25

### Defendant's Election to Testify or Not to Testify

(1)    A defendant has an absolute right not to testify. The fact that a particular defendant did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)    Remember that it is up to the United States to prove a defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he or she is innocent.

(3)    You have also heard Defendant Maricle testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(4)    You should consider those same things in evaluating this Defendant's testimony.

-76-

## <u>INSTRUCTION NO. 26</u>

### Opinion Testimony

(1)    You have heard the testimony of several individuals who testified as opinion witnesses.

(2)    You do not have to accept these witnesses' opinions. In deciding how much weight to give an opinion, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)    Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 27

**Impeachment of a Witness Other than a Defendant by Prior Conviction**

(1)    You have heard the testimony of several witnesses who, before this trial, were convicted of certain crimes.

(2)    These earlier convictions were brought to your attention only as one way of helping you decide how believable these witnesses' testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

# INSTRUCTION NO. 28

## Testimony of a Witness under Grant of Immunity or Reduced Criminal Liability

(1)    You have heard the testimony of Wanda White and Mike Bishop, who indicated that the United States has promised them that they will not be prosecuted for their involvement in voter fraud in exchange for their cooperation.

(2)    It is permissible for the United States to make such a promise. But you should consider this testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the United States' promise.

(3)    Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

## JURY INSTRUCTION NO. 28A

### Testimony of a Witness Under Reduced Criminal Liability

(1)     You have also heard the testimony of several witnesses who testified in hopes of receiving a reduced sentence based upon cooperation with the government in this matter.

(2)     It is permissible for the government to seek such reductions. But you should consider these witnesses' testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by such possible reductions.

(3)     Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 29

### Testimony of an Accomplice

(1)     You have heard the testimony of several witnesses who were involved in the same crimes that the defendants are charged with committing.  You should consider these witnesses' testimony with more caution than the testimony of other witnesses.

(2)     Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

(3)     The fact that one or more of these witnesses has pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against the defendants in any way.

## INSTRUCTION NO. 30

### Testimony of Cooperating Witnesses Interpreting Statements of Defendants

(1)    You have heard testimony given by witnesses which includes their interpretations of what other people meant by what they said. You are reminded that this testimony represents the witnesses' understanding of what was meant by the statements and has been admitted to put these statements and the parties' conversations in context.

## INSTRUCTION NO. 31

### Testimony Regarding Incorrect or Misleading Information Given to Defendants by Cooperating Witnesses

(1)    You have also heard testimony that the cooperating witnesses provided incorrect or misleading information to one or more defendants during the course of a federal investigation. In evaluating this testimony, you may consider whether the witness was acting pursuant to directions given by investigators in making any incorrect or misleading statements.

## INSTRUCTION NO. 32

### Character and Reputation of Defendants

(1)     You have heard testimony about a defendant's good character.  You should consider this testimony, along with all the other evidence, in deciding if the United States has proved beyond a reasonable doubt that they committed the crimes charged.



# INSTRUCTION NO. 33

## Summaries and Other Materials Not Admitted in Evidence

(1)    During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material, which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.



## INSTRUCTION NO. 34

### Background Evidence

(1)     The United States introduced certain testimony and evidence which the Court

has admitted as background evidence. This includes some testimony presented by Kenneth

Day, Eugene Lewis, and J.C. Lawson. Background evidence includes an act or acts other

than the specific acts charged in the indictment which are intertwined with the offense or

offenses charged. The introduction of background evidence is offered to complete the story

of the charged offense or offenses. Here, the United States offered the evidence to show the

origins of the enterprise (i.e., the inception of the conspiracy) that has been alleged and the

roles of some of the members of the alleged enterprise.

(2)     You are cautioned that the United States does not assert that the alleged

conspiracy which is the subject of the indictment occurred in the 1980s with one or more of

the Defendants participating in vote-buying. Instead, the United States offered this testimony

as evidence of activity that allegedly was the origin of defendants joining the enterprise and

their respective roles in the enterprise.

(3)     Likewise, you are also cautioned again that the Defendants are not charged in

this matter with drug crimes. However, the United States has offered testimony regarding

marijuana activity as evidence of funds which allegedly could be used to purchase votes, the

relationship between persons who are alleged to be members of the conspiracy, and the

Defendants' positions in the conspiracy.

(4)     Further, evidence that Defendant Maricle previously represented Defendant

Adams in a matter unrelated to this case has been offered by the United States to show the

relationship between the two defendants.

(5)     Remember that the Defendants are on trial here only for the crimes charged in

the indictment, not for any other acts. Do not return a guilty verdict unless the United States

proves the crimes charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 35

### Flight, Concealment of Evidence, False Exculpatory Statements

(1)     You have heard testimony that after the crime was allegedly committed, Defendant Maricle failed to provide relevant information to the United States Probation Office concerning his assets.

(2)     If you believe that Defendant Maricle concealed any evidence relevant to the case, then you may consider this conduct, along with all the other evidence, in deciding whether the United States has proved beyond a reasonable doubt that he committed the crimes charged. This conduct may indicate that a defendant thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may fail to disclose information for some other reason.

## INSTRUCTION NO. 36

### Legal Advice by State Court Judges

(1)   You have heard testimony concerning the rules that apply to state court judges.

(2)   You are instructed that a judge is allowed to give legal advice to members of the judge's family, so long as the judge receives no compensation.

(3)   You are also instructed that a violation of a rule of judicial conduct is not, by itself, a crime.

(4)   You are further instructed that any party to a lawsuit who believes that the judge in the case should be required to step down from the case for reasons of bias or conflict of interest has the right to petition the Chief Justice of the Supreme Court of Kentucky to disqualify the judge.

## **INSTRUCTION NO. 37**

**Settlements of Lawsuits by a City Subject to Disclosure Under Open Records Law**

(1)    You have heard testimony concerning a lawsuit between defendant William E. Stivers and the City of Manchester.

(2)    You are instructed that under Kentucky law the settlement of any lawsuit with the City of Manchester including any amount of money paid in settlement of the lawsuit is subject to public disclosure and inspection under the Kentucky Open Records law.

## INSTRUCTION NO. 38

### Allowed Time Period for Absentee Voting Before an Election

(1)    You are instructed that under Kentucky law, absentee voting shall be conducted in the county clerk's office or other designated place approved by the State Board of Elections during normal business hours for at least the 12 working days before the election.

-91-

## INSTRUCTION NO. 39

### Actions by a County Board of Elections are Public Documents

(1)     You are instructed that under Kentucky law the records of a county board of elections including those persons appointed and/or nominated to serve as precinct election officers are public documents.



## INSTRUCTION NO. 40

### State Board of Elections May Veto Election Officers Appointed by
### County Board of Elections

(1)    You are instructed that under Kentucky law the State Board of Elections may require a county board of elections to submit its list of precinct election officers for review.

(2)    You are further instructed that under Kentucky law the State Board of Elections may, after a hearing, direct the removal of any election officer who the board finds would not fairly administer the state election laws.

## INSTRUCTION NO. 41

### Service as an Election Officer by a Member
### of a County Board of Elections

(1)    The qualifications and restrictions on a person's service as a precinct election officer are provided by Kentucky statute.  The person:

(A)    must be 18, unless he turns 18 on or before the day of the regular election in the year he is chosen to serve;

(B)    must be a qualified voter of the precinct in which he is to serve;

(C)    must not be a candidate for office or the spouse, parent, child, or sibling of a candidate;

(D)    must not have changed party affiliation in the year prior to his appointment; and

(E)    must have signed a document confirming his willingness to serve.

(2)    Kentucky statutes do not prohibit a member of a county board of elections from serving as a precinct election officer.

## INSTRUCTION NO. 42

### Selection of Election Officers

(1)    The County Board of Elections is required to appoint the precinct election officers no later than March 20.  The appointment is for all elections in the year of appointment. The process is governed by Kentucky statute. The Board makes its selections from lists provided to it by the two predominant political parties in the County — typically, and in Clay County, these would be the Republican and Democratic parties.  The lists are comprised of four qualified persons per party per precinct, and are submitted to the Board no later than March 15.  The Board must select, per precinct, four officers: two judges, a sheriff, and a clerk.  The judges must be from different political parties, and the clerk and sheriff must be from different political parties.  Kentucky law also provides for the process the Board is to follow if sufficient officers cannot be appointed.

(2)    The State Board may require a County Board to submit its list of precinct election officers to it, and after a hearing remove any proposed officer it finds would not fairly administer the election laws.

## INSTRUCTION NO. 43

### Composition and Meetings of a County Board of Elections

(1)     County Boards of Elections are required by Kentucky statute to meet at least once a month.  The County Board is comprised of the elected County Clerk, the elected County Sheriff, and two persons appointed by the State Board of Elections.  These appointed members are appointed from lists of five persons submitted to the State Board by the two predominant political parties of the County.  Typically, and in Clay County, this would be a Democrat and a Republican.

(2)     The Board is also required to be in session during the entire time that the polls are open on election day.  To be in session, a quorum of its members must be present.  A quorum is a majority of the Board, three of four members.

-96-

## INSTRUCTION NO. 44

### Transcriptions of Tape Recordings

(1)     You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

(2)     Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The tapes themselves are the evidence.  If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

-97-

## INSTRUCTION NO. 45

**Separate Consideration – Evidence Admitted Against Certain Defendants Only**

(1)    During this proceeding, you were instructed that certain evidence could only be considered against certain Defendants.

(2)    When such an instruction is given, you can only consider this testimony against that Defendant in deciding whether the United States has proved him guilty. You cannot consider it in any way against any of the other Defendants.

## INSTRUCTION NO. 46

### Judicial Notice

(1)    I have taken judicial notice of the fact that Clay County is located in the Eastern District of Kentucky. I have also taken judicial notice of the fact that an information and a bond report regarding one witness, Charles "Dobber" Weaver, were filed in the public record of this Court on March 18, 2008. Even though no evidence was presented on these points, you may accept these facts as true, but you are not required to do so.

## INSTRUCTION NO. 47

### Introduction

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)     I will also provide for your review the exhibits which were introduced during trial. However, you will not be given a computer or other device to listen to or watch audio or video recordings. Such review, if requested and allowed, may only take place in the courtroom.

(5)     One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split

-100-

6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.



## INSTRUCTION NO. 48

### Experiments, Research, and Investigation

(1)    Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

(2)    For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)    Make your decision based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 49

### Unanimous Verdict

(1)    Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)    To find a Defendant guilty, every one of you must agree that the United States has overcome the presumption of innocence with evidence that proves guilt beyond a reasonable doubt.

(3)    To find a Defendant not guilty, every one of you must agree that the United States has failed to convince you beyond a reasonable doubt.

(4)    Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 50

### Duty to Deliberate

(1)    Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)    But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that — your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself if the United States has proved the Defendant guilty beyond a reasonable doubt.

-104-

## INSTRUCTION NO. 51

### Punishment

(1)     If you decide that the United States has proved the Defendants guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the United States has proved the Defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 52

### Verdict Forms

(1)    I have prepared verdict forms that you should use to record your verdict.

(2)    If you decide that the United States has proved a charge against a Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the United States has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 53

### Verdict Limited to Charges Against These Defendants

(1)     Remember that the Defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the United States has proved the crimes charged.

(2)     Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the United States has proved these Defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 54

### Court Has No Opinion

(1)     Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the United States has proved the Defendants guilty beyond a reasonable doubt.

