**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

| | |
|---|---|
| **CRIMINAL NO. 6:09-CR-16-KKC** | *ELECTRONICALLY FILED* |
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | **RESPONSE TO DEFENDANT MARICLE'S <u>MOTION TO DISMISS COUNT ONE</u>** |
| **FREDDY W. THOMPSON** | **DEFENDANT** |

\* \* \* \* \* \*

The United States respectfully asks the Court to deny Defendant Maricle's Motion to Dismiss Count One, because Congress can constitutionally prohibit—and, under the Commerce Clause, has prohibited—racketeering activity that affects interstate commerce, whether that activity occurs during an election or not. The Superseding Indictment alleges and the government's proof will show that Maricle and the other defendants commandeered an enterprise—the Clay County Board of Elections—and used that enterprise for the systematic bribery of voters in multiple elections, in order to corrupt all levels of county government and enrich themselves and their associates with the authority thus gained. The government's prosecution of this conduct under the Racketeer Influenced and Corrupt Organization Act ("RICO") is neither a federalization of a Kentucky law outlawing vote-buying nor an unconstitutional encroachment on Kentucky's sovereignty, as Maricle contends. Instead, the gravamen of this case is a pattern of racketeering activity that affected interstate commerce. It is undisputed that Congress has the authority to regulate such conduct. This authority is not reserved to the states or the people and, thus, is not within the ambit of the Tenth Amendment. Maricle's

motion cites no cases that squarely address the constitutionality of RICO and fails to account for the cases that have rejected similar Tenth Amendment challenges to RICO. For these reasons, his motion should be denied.

## ARGUMENT

### I. DEFENDANT'S PROSECUTION UNDER RICO DOES NOT VIOLATE THE TENTH AMENDMENT

Maricle mischaracterizes this prosecution when he labels it simply as an "election case." Motion 1. This mischaracterization pervades his motion, which focuses heavily on Congress's powers under the Constitution's Elections Clause and case law assessing the constitutionality of federal statutes enacted pursuant to those powers.[1] While Maricle's recitation of this law may be correct, it is of limited applicability here because Count One does not charge Maricle with violating federal election law enacted pursuant to the Elections Clause.[2]

---

[1] The Elections Clause, Article I, Section 4, Clause 1, reads: "The Times, Places, and Manner of holding elections for Senators and Representatives shall be prescribed in each State by the Legislature thereof, but Congress may at any time by Law make or alter such Regulations, except as to the Places of Choosing Senators." Courts have repeatedly held that pursuant to this Clause (when combined with the Necessary and Proper Clause), Congress may regulate any election in which federal candidates appear on the ballot, including those where state and local candidates appear as well. *See, e.g.*, *United States v. Slone*, 411 F.3d 643, 649 (6th Cir. 2005); *see also United States v. Bowman*, 636 F.2d 1003, 1011 (5th Cir. 1981) ("Congress may regulate any activity which exposes the federal aspects of the election to the possibility of corruption, whether or not . . . the persons participating in such activity had a specific intent to expose the federal election to such corruption").

Consistent with these holdings, courts have found that federal statutes prohibiting bribery in elections that include a federal candidate are a constitutional exercise of Congress's power, and do not infringe upon a state's sovereignty to regulate its local elections. *See, e.g.*, *United States v. Foote*, 42 F. Supp. 717, 719 (D. Del. 1942) (upholding Section 250 of Federal Corrupt Practices Act, prohibiting bribery in elections, as constitutional; "there can not be any doubt of the authority of Congress to enact legislation to prevent bribery of voters at elections where its members are presented for election"); *Slone*, 411 F.3d at 649-50 (upholding 42 U.S.C. § 1973i(c), prohibiting bribery in elections, as constitutional); *United States v. Simms*, 508 F. Supp. 1179, 1186 (W.D. La. 1979) (finding that 42 U.S.C. § 1973i(c), prohibiting bribery in elections, "is not an attempt by Congress to preempt state vote-buying statutes or to in any manner interfere with state regulation of purely state elections").

[2] Count Eleven of the Superseding Indictment does charge Maricle and other defendants with conspiring to bribe voters in connection with elections in which federal candidates appeared on the ballot, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i(c). As described above, Congress's power to regulate such elections is well established.

Instead, Maricle, who led an enterprise that engaged in systematic bribery, has been charged with violating RICO, a distinct offense underlain by different Congressional motivations – specifically, to combat organized crime and corruption, particularly that subverting "our democratic processes." *See* Congressional Statement of Findings and Purpose, Pub. L. No. 91-452, 84 Stat. 922.  Congress chose to accomplish this objective by prohibiting racketeering activity, including bribery, under its Commerce Clause authority.  In this way, certain state law offenses – including the vote-buying statute at issue here (Ky. Rev. Stat. § 119.205) – come into play.[3]

But, importantly, RICO is not narrowly aimed at the commission of these predicate acts.  *See United States v. Crosby*, 20 F.3d 480, 484 (D.C. Cir. 1994) ("RICO was enacted to supplement rather than replace the existing predicate crimes and penalties."); *United States v. Carrillo*, 229 F.3d 177, 182 (2d Cir. 2000) ("RICO's allusion to state crimes was not intended to incorporate elements of state crimes" into the RICO statute).  Rather, the "essence of RICO [] proscribes the furthering *of the enterprise*, not the predicate acts." *United States v. Martino*, 648 F.2d 367, 381 (5th Cir. 1981) (emphasis added); *see also United States v. Forsythe*, 560 F.2d 1127, 1135 (3d Cir. 1977) ("State law offenses are not the gravamen of RICO.  RICO was not designed to punish the state law violations; it was designed to punish . . . racketeering activity"). Because a RICO violation is a "discrete offense that can be prosecuted separately from its underlying predicate offenses," *Crosby*, 20 F.3d at 484, it necessarily follows that RICO does not bar a state from prosecuting an individual for the state law crimes that serve as predicate acts.  *Carrillo*, 229 F.3d at 182-83; *United States v. Kehoe*, 310 F.3d 579, 588

---

[3] As recognized in Maricle's motion, the Sixth Circuit held that vote-buying in violation of Kentucky Revised Statute § 119.205 constitutes "bribery" within the meaning of "racketeering activity" and therefore is a valid predicate act for purposes of RICO.  *United States v. Adams*, 722 F.3d 788, 804 (6th Cir. 2013).

3

(8th Cir. 2003). As such, courts have repeatedly held that the provisions of RICO do not encroach upon a state's sovereignty to regulate its own affairs or to prosecute its citizens for state law crimes and, thus, do not violate the Tenth Amendment.

For example, in *United States v. Freeman*, 6 F.3d 586, 597-98 (9th Cir. 1993), the Court of Appeals rejected defendant's contention that prosecuting a state legislative aide for a bribery scheme under RICO infringed upon the state's right to control its electoral processes. Similarly, in *United States v. Vignola*, 464 F. Supp. 1091 (E.D. Pa. 1979), a district court held that a traffic judge's prosecution under RICO for soliciting and accepting bribes in connection with his official role did not violate the Tenth Amendment or otherwise improperly encroach upon the state's regulation of its judiciary. *See id.* at 1098 ("The defendant . . . has not been subjected to trial in federal court because he violated state bribery laws, but because he has corrupted and weakened" the traffic court). The Court of Appeals in *United States v. Frega*, 179 F.3d 793, 800 (9th Cir. 1999) reached the same conclusion in rejecting a similar Tenth Amendment challenge to the RICO convictions of judges and an attorney who conducted the affairs of a state trial court through systematic bribery.

As another example, in *United States v. Kehoe*, 310 F.3d 579 (8th Cir. 2003), the Court of Appeals rejected defendant's assertion that his prosecution under RICO for three murders in violation of state law violated the Tenth Amendment. The court reasoned that because a RICO violation is an offense distinct from the predicate act, the state's right to prosecute the defendant for the state law crimes is not encroached. *See id.* at 588. The Court of Appeals in *United States v. Martino*, 648 F.2d 367 (5th Cir. 1981), applied similar reasoning in upholding defendants' convictions for participating in an enterprise

4

that committed acts of arson with the intent to defraud fire insurers. Rejecting defendants' argument that RICO intrudes upon state sovereignty, the Court of Appeals emphasized that defendants were not convicted of the state offense of arson, but rather of participating in the affairs of an enterprise. *Id.* at 381; *cf. United States v. Jarrett*, 705 F.2d 198, 203 (7th Cir. 1983) (Hobbs Act "does not displace the states' freedom to prosecute robberies or extortions" and therefore "presents no unconstitutional intrusion upon the sovereignty of the states")

The fact that the predicate acts underlying the instant RICO prosecution involve bribing voters does not change the analysis or the result, despite Maricle's arguments to the contrary. In essence, Maricle is asking this Court to excise vote-buying offenses from the broader class of bribery activity that RICO lawfully regulates by finding that regulation of this particular subset of bribery offenses is unconstitutional.[4] This surgical exercise was specifically disapproved by the Supreme Court in *Gonzalez v. Raich*, 545 U.S. 1 (2005). That case likewise involved a request "to excise individual applications of a concededly valid comprehensive statutory scheme"[5] – a characteristic the Court deemed "pivotal." *Id.* at 23. In refusing to do so, the Court explained that:

> where the class of activities is regulated and the class is
> within the reach of federal power, the courts have no power

---

[4] Maricle has not lodged a facial challenge to the constitutionality of RICO; that is, he has not disputed that the statute's passage and its general regulation of racketeering activity affecting interstate commerce are well within Congress's power under the Commerce Clause. Instead, Maricle challenges the constitutionality of RICO as applied in this circumstance to acts of vote-buying in violation of Kentucky Revised Statute § 119.205.

[5] At issue in *Raich* was the application of the Controlled Substances Act (the "CSA"), 21 U.S.C. § 801 *et seq.* Like RICO, Congress enacted the CSA under its Commerce Clause authority. The plaintiffs in *Raich* did not contend that the CSA amounted to an unconstitutional exercise of Congressional authority. Their challenge was more limited: they argued that the CSA's categorical prohibition on possession of marijuana as applied to the intrastate possession of marijuana for medical purposes (as authorized by California law) exceeded Congressional authority. In other words, similar to Maricle here, the plaintiffs in *Raich* sought to remove their local conduct (their local possession of marijuana) from the broad reach of a concededly constitutional statute (the CSA).

5

>to excise, as trivial, individual instances of the class. . . . That the regulation ensnares some purely intrastate activity is of no moment. As we have done many times before, we refuse to excise individual components of that larger scheme.

*Id.* at 22; *see also United States v. Nascimento*, 491 F.3d 25, 40-43 (1st Cir. 2007) (analyzing *Raich* in context of RICO prosecution and refusing to excise from RICO's reach violent offenses committed by street gang); *Vignola*, 464 F. Supp. at 1099 (upholding RICO prosecution of traffic judge for bribery; fact that judge's bribery "was purely local" was "irrelevant, since we are powerless to 'excise, as trivial, individual instances'" from the activity proscribed by RICO).

This teaching does not run afoul of the Tenth Amendment. Put in the context of this case: Congress concededly has the power under the Commerce Clause to regulate racketeering activity affecting interstate commerce, and Defendant's conduct here constitutes such racketeering. Because Congress has this power, the power is not one reserved to the states or the people, and therefore the Tenth Amendment is not violated. *Accord United States v. Philip Morris USA, Inc.*, 316 F. Supp. 2d 19, 25-26 (D.D.C. 2004) (finding RICO claims do not violate Tenth Amendment, explaining "since the Constitution explicitly delegates to Congress the plenary authority to regulate interstate commerce, the Tenth Amendment can never be violated by Congress' exercise of such authority"); *Vignola*, 464 F. Supp. at 1099 n.23 (same); *cf. Nick v. United States*, 122 F.2d 660, 668 (8th Cir. 1941) (because the Anti-Racketeering Act "comes within the commerce clause of the Constitution, it is not open to [a Tenth Amendment] objection").

The authorities emphasized by Maricle do not compel a diversion from *Raich* or the other precedent discussed above. Simply put, Maricle's cited authorities are not

6

particularly on point. As Maricle recognizes, *Gregory v. Ashcroft*, 501 U.S. 452 (1991), addresses a state's right to determine the qualifications of its local government officials – an issue that is in no way implicated in the instant case. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) concerns a different Constitutional Amendment – the Eleventh – that embodies a different principle of federalism – sovereign immunity – and analyzes that principle against a statute passed under the purview of a different Congressional power – the Indian Commerce Clause. Again, none of these issues are implicated by Maricle's prosecution. Finally, Maricle's reference to a trilogy of cases discussing the differences between the Elections Clause and the Commerce Clause highlights only the broad powers ascribed to Congress under those constitutional provisions, including the powers used to lawfully regulate the behavior at issue here.

## II. THE ENTERPRISE HAD AN EFFECT ON INTERSTATE COMMERCE SUFFICIENT TO SATISFY RICO'S NEXUS REQUIREMENT

As an additional challenge to his prosecution under Count One, Maricle adopts the arguments put forth in the Motion to Dismiss Count One filed by Freddy Thompson [DE 1372]. Thompson contends that the enterprise – the Clay County Board of Elections – did not affect interstate commerce, and therefore cannot satisfy the element of RICO that requires such proof.

Thompson's arguments on this point are, in the first instance, premature, and, in any event, lack merit, as detailed in the United States' response to his motion. That response [DE 1439] is being filed concurrently herewith and is incorporated as though set forth fully herein.

7

## **CONCLUSION**

For the foregoing reasons, the United States respectfully submits that the Defendant Maricle's Motion to Dismiss Count One of the Superseding Indictment [DE 1416] should be denied.

                        Respectfully submitted,

                        KERRY B. HARVEY
                        UNITED STATES ATTORNEY

BY:   /s/ Jason D. Parman
        Assistant United States Attorney
        601 Meyers Baker Road, Suite 200
        London, KY 40741
        Tel: (606) 864-5523
        Jason.Parman@usdoj.gov

        /s/ Andrew T. Boone
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, KY 40507
        (859) 685-4800
        Andrew.Boone2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

                        /s/Andrew Boone
                        Assistant United States Attorney