UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| FREDDY THOMPSON, | ) | |
| CHARLES WAYNE JONES | ) | |
| | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motions for a bill of particulars filed by the defendants Freddy Thompson (DE 1413) and Charles Wayne Jones (DE 1417). For the following reasons, the motions will be denied.

The defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five defendants in this matter scheduled for trial: Thompson, Jones, Russell Cletus Maricle, Douglas C. Adams, and William E. Stivers.

Trial is scheduled to begin November 4, 2013. This will be the second trial of these defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the defendants guilty of all counts. The Sixth Circuit vacated the defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams*, 722 F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each defendant:

| Count Number | Defendants Charged | Charge |
| --- | --- | --- |
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

Thompson and Jones ask the Court to order the government to provide a bill of particulars for all counts against them. After the defendants filed their motions, the grand jury issued a superseding indictment (DE 1530) that made no material changes to the charges. Accordingly, the Court has construed the defendants' motions to be directed at the most recent superseding indictment.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes . . . It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). The "accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars." *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972). "[T]he test in ruling on a

motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008)

Thompson and Jones ask for extremely detailed information on each count against them. For example, with regard to the RICO conspiracy charge in count one, Thompson asks that the Court require the government to state "[e]ach overt act Mr. Thompson is alleged to have committed along with the dates, location, and persons present;" "[e]xactly what conduct of co-conspirators in furtherance of the conspiracy was known to Mr. Thompson or was reasonably foreseeable;" and "[a] precise description of the nature of any acts or statements Mr. Thompson allegedly engaged in or uttered to further the alleged conspiracy."

Jones asks – as to each of the three conspiracy charges – that the government be required to set forth precise information as to each alleged overt act including the date, time, and location (including any known address) that it occurred; the identity of all persons present, along with their names addresses, and telephone numbers; and a summary of the conversation between the defendant and any other person while the overt act occurred. With regard to all charges against him, Jones asks for the name, address, and phone number of all confidential informants and cooperating witnesses

The government is not required to set forth any of this information in the indictment and none of this information is required in order for these defendants to prepare for this second trial on these charges.

As to count one, the indictment identifies the RICO enterprise, sets forth the defendants' alleged purposes in conspiring to violate RICO, explains the actions that the

defendants allegedly undertook to accomplish their purposes, and sets forth the dates that the alleged conspiracy took place. Further, it sets forth the elements of the RICO conspiracy charge and cites the statute.

As to count three – the charge that Thompson testified falsely in front of a grand jury in violation of 18 U.S.C. § 1503 – Thompson does not request a bill of particulars but instead reasserts his argument that the charge should be dismissed because it is fatally deficient. For the reasons stated in this Court's opinion on Thompson's motion to dismiss count three, the Court finds that dismissal of this charge is not warranted. (DE 1513, October 9, 2013 Opinion and Order.)

As to counts four and five – the charges that Thompson, Jones, Maricle and Stivers conspired to oppress the voting rights of qualified voters and conspired to buy votes – Thompson and Jones again ask for extremely detailed information that the government simply is not required to set forth in an indictment and that is not necessary to permit them to prepare for trial. For example, Thompson asks for the names of all persons present when he allegedly instructed individuals how to mislead voters, the list of voters who agreed to sell their votes, and the precinct workers involved. As explained, Jones asks for detailed information for each of the conspiracy charges in the indictment. For each of these counts, the government sets forth the dates that the alleged conspiracies occurred, the statute that was allegedly violated, the object of the conspiracy, and the manner by which the conspiracy was implemented.

Furthermore, this is the second trial on all of the charges in the indictment. There has been extensive discovery in this case. Thompson and Jones are both well aware of the government's evidence on each of the charges. The defendants do not need a bill of

4

particulars to adequately prepare their defense or to avoid prejudicial surprise. Further, the indictment sets forth sufficient information to preclude a second prosecution for the same crimes.

For these reasons, the motions for a bill of particulars filed by defendants Thompson (DE 1413) and Jones (DE 1417) are DENIED.

Dated this 22nd day of October, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge