UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| RUSSELL CLETUS MARICLE, | ) | |
| DOUGLAS C. ADAMS, | ) | |
| CHARLES WAYNE JONES, | ) | |
| WILLIAM E. STIVERS, and | ) | |
| FREDDY W. THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion to dismiss (DE 1410) count one of the superseding indictment filed by defendant Douglas C. Adams. For the following reasons, the motion will be denied.

The defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five defendants in this matter scheduled for trial: Adams, Freddy W. Thompson, Charles Wayne Jones, Russell Cletus Maricle, and William E. Stivers.

Trial is scheduled to begin November 4, 2013. This will be the second trial of these defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the defendants guilty of all counts. The Sixth Circuit vacated the defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams, et al.*, 722

F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each defendant:

| Count Number | Defendants Charged | Charge |
| --- | --- | --- |
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

In count one of the superseding indictment, all five defendants are charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C § 1962(d). After the defendant filed this motion, the grand jury issued a superseding indictment (DE 1530) that made no material changes to the RICO charge. Accordingly, the Court interprets the defendant's motion to be directed at the RICO charge contained in count one of the most recent superseding indictment.

RICO regulates enterprises "engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c). The indictment alleges that the RICO enterprise in this action consisted of "the Defendants and their associates." The indictment further alleges that the enterprise was "engaged in" and that its activities "affected interstate commerce" as required under RICO.

2

With his motion, Adams argues that the indictment is fatally deficient because it does not allege that the activities of the RICO enterprise had a *substantial* effect on interstate commerce as required for federal jurisdiction.

The statute does not define precisely how much effect the individual enterprise's activities must have on interstate commerce. The Sixth Circuit has ruled that the answer to that question depends on whether the RICO enterprise engaged in "economic activity." If the enterprise did engage in such activity, then the jury need only find that its individual activities had a *de minimus* effect on interstate commerce in order to subject it to RICO regulation. *Waucaush v. United States*, 380 F.3d 251, 255 (6th Cir. 2004) (discussing *United States v. Riddle*, 249 F.3d 529 (6th Cir. 2001)). But, where the enterprise does not engage in economic activity, the government must show that the individual enterprise's activities had a *substantial* effect on interstate commerce in order for it to be regulated by RICO. *Id*. at 257-58.

An indictment containing a RICO charge is not required to allege that the enterprise's activities had a substantial or de minimis effect on interstate commerce. The Sixth Circuit holds the following with regard to the requirements of an indictment:

> To pass constitutional muster, an indictment must meet a two-prong test: first, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.

*United States v. Martinez*, 981 F.2d 867, 872 (6th Cir.1992).

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the

3

offence intended to be punished." *United States v. Coss*, 677 F.3d 278, 288 (6th Cir. 2012) (citation and internal quotations omitted). "However, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id*. (quoting *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir.2001)).

The indictment here is sufficient. It sets forth the elements of the RICO conspiracy charge, cites the statute, and sets forth other relevant facts and circumstances. It identifies the RICO enterprise, sets forth the defendants' alleged purpose in conspiring to violate RICO, explains the actions that the defendants allegedly undertook to accomplish their purpose, and sets forth the dates that the alleged conspiracy took place.

The indictment was not required to allege that the enterprise's activities had either a substantial or minimal effect on interstate commerce. This is because "[t]he requirement that the effect on commerce be 'substantial' is not in the text of [the statute] but is a judicial gloss upon the statutory language." *United States v. Renteria*, 187 F. App'x 704, 706 (9th Cir. 2006). *See also United States v. Hill*, 386 F.3d 855, 859 (8th Cir. 2004) (holding with regard to a charge under 18 U.S.C. § 922(g) that the indictment need not allege a substantial effect on interstate commerce); *United States v. Gresham*, 118 F.3d 258, 264-65 (5th Cir. 1997) (same); *United States v. Ward*, No. 3:04-CR-47, 2005 WL 2001892, at *1 (W.D. Ky. 2005) (holding that there is "no requirement in the arson statute or Federal Rules of Criminal Procedure which requires that an indictment charging arson must also specifically allege that the activity 'substantially affected interstate commerce.'")

In support of his argument, Adams cites *United States v. ORS, Inc.*, 997 F.2d 628 (9th Cir. 2004) in which the Ninth Circuit held that an indictment for antitrust violations under Section One of the Sherman Act must contain more than "a mere allegation of a relationship to interstate trade or commerce." *Id.* at 630. The Ninth Circuit has explained, however, that its holding in *ORS* "was premised on the fact that the case involved a prosecution under the Sherman Act, which requires a more significant showing of an effect on interstate commerce." *United States v. Fernandez*, 388 F.3d 1199, 1218 (9th Cir. 2004). "*ORS* represents the exception rather than the general rule on pleading requirements in the indictment . . . we hold that the more lenient pleading requirements of Hobbs Act prosecutions should be applied to RICO cases." *Id*.

Adams also argues that the RICO charge should be dismissed because it is duplicitous. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v Davis*, 306 F.3d 398, 415 (6th Cir. 2002). Whether an indictment is duplicitous is a legal question. *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002). "An indictment does not charge multiple conspiracies if there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy." *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir 2006) (citation and internal quotations omitted).

Count one of the indictment alleges that the defendants had two common objectives: political power and control within Clay County and personal enrichment for themselves and their associates. The indictment alleges that the defendants obtained their objectives through the Clay County Board of Elections (the "Board") and the offices of circuit judge, superintendent of schools, and county clerk. The indictment alleges that, to

achieve their objectives, the defendants engaged in a pattern of bribery to affect the outcome of elections and also engaged in obstruction of justice designed to conceal their role in that activity. The indictment alleges that, from March 2002 to July 17, 2007, all of these defendants agreed to commit at least two acts of "racketeering activity," consisting of bribery in violation of state law and obstruction of justice in violation of federal law.

The indictment alleges that defendants Maricle and Adams used their political influence in the county to appoint corrupt members to the Board and that they caused the Board's election officers to buy votes and recruited individuals to run for county offices.

The indictment alleges that defendant Jones was Democrat Election Commissioner on the Board and that, in that position, he appointed election officers who would buy votes. The indictment further alleges that he instructed election officers on how to buy votes and how to change voters' votes at the voting machine. The indictment further alleges that Jones was required to certify the accuracy of the election results and that he did so knowing that the results were false.

The indictment alleges that William Stivers was an election officer and that, in that position, he bought votes and changed votes at the voting machines. The indictment further alleges that Stivers demanded that candidates pay him money.

The indictment alleges that defendant Freddy W. Thompson was the Clay County Clerk and a member of the Board. The indictment alleges that he told election officers how to change votes at the voting machines. The indictment further alleges that Thompson was required to certify the accuracy of the election results and that he did so knowing that they were false.

Thus the indictment charges one over overall agreement among the defendants to perform different functions in order to obtain the conspiracy's objective: political power and personal enrichment for the members of the conspiracy and their associates.

For all these reasons, the Court hereby ORDERS that the motion to dismiss the RICO count filed by Defendant Douglas C. Adams (DE 1410) is DENIED.

Dated this 22nd day of October, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge